PEOPLE v. GOOD.

1. AUTOMOBILES—DUTY TO SEE PEDESTRIANS.

An automobile driver whose view is not obstructed is bound to see pedestrians who come within the range of his lights and is bound to anticipate that pedestrians may be present on the street.

2. HOMICIDE—NEGLIGENCE—INSTRUCTIONS.

In prosecution for negligent homicide which occurred when defendant, who had just passed a street car, swerved out toward the middle of the street to avoid hitting a parked car and ran into deceased who was standing in an unprotected, poorly lighted safety zone on a dark night and whose clothing was dark and blended in with the surroundings, charge to jury that if it found defendant drove against deceased because he did not see her standing in the highway, he was guilty of such negligence as the people had to prove *held*, proper (Act No. 328, § 324, Pub. Acts 1931).

3. PARDONS AND PAROLES—PROBATION—RESTITUTION AS CONDITION—DAMAGES—DUE PROCESS.

Provision of probation law that defendant in a criminal prosecution might be required, as a condition of probation, to make restitution to a person he injures as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper, is not an assessment of damages but merely an alternative of imposition and execution of a sentence which ordinarily follows verdict of guilty; not a deprivation of property without due process but additional privilege of avoiding usual penalty for crime (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931).

4. CONSTITUTIONAL LAW—DUE PROCESS—DAMAGES AS CONDITION TO PROBATION.

It is not a deprivation of due process of law to deny defendant in a criminal prosecution a hearing on the question of the amount of damages to be imposed as a statutory condition of probation (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931).

5. PARDONS AND PAROLES—PROBATION—DISCRETION OF COURT.
   Probation is not a matter of right but rests in the sound discretion of the court.

6. SAME—PROBATION—RESTITUTION—STATUTES.
   Order placing defendant, who had been convicted of negligent homicide, upon probation for a term of five years upon condition that he not operate a motor vehicle, that he make restitution in the amount of $385 payable as determined by the probation department and any further sum later imposed by the court and that he be imprisoned for three months under a sentence suspended until terms of probation were violated *held,* invalid, since statute relative to probation of persons convicted of crime authorizes but a 60-day incarceration and provides that determination of how restitution should be made shall be by the trial court, and does not authorize delegation of such duty, in whole or in part, to the probation department (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931, §§ 17374, 17375).

7. SAME—PROBATION—SENTENCE.
   Under the statute relative to probation of persons convicted of crime, it is contemplated that imposition and execution of sentence shall await disposition of the matter of probation (3 Comp. Laws 1929, § 17374).

8. SAME—ORDER OF PROBATION.
   Order of probation, entered after conviction in prosecution for negligent homicide, should include the specific purpose, terms and conditions of payment of money by a defendant if such payment as restitution is made a condition of probation (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931).

Appeal from Recorder's Court of City of Detroit, Traffic and Ordinance Division; Murphy (George T.), J. Submitted April 14, 1938. (Docket No. 119, Calendar No. 39,786.) Decided December 22, 1938.

Robert B. Good was convicted of negligent homicide with an automobile. Reversed and remanded for entry of proper sentence.

*Valois E. Crossley* and *Carl A. Williams,* for defendant.

*Raymond W. Starr,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner,* Assistant Prosecuting Attorney, for the people.

BUSHNELL, J. Defendant Good was convicted of a violation of the homicide statute, the same being section 324 of the Michigan penal code, Act No. 328, Pub. Acts 1931 (Stat. Ann. § 28.556). This statute reads:

"Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a felony, punishable by imprisonment in the State prison not more than five years or by a fine of not more than two thousand five hundred dollars."

Appellant's statement of facts is accepted by the people. At about 11:30 p.m., Good, who was employed as a night watchman, on his way to work, was driving north on Mt. Elliot avenue in the city of Detroit. He drove up behind a street car, which was waiting for a stop light, two blocks south of Farnsworth. When the signal changed, Good drove alongside the car as it started up and passed it. About half a block south of Farnsworth avenue, Good observed an automobile parked at the curb; he turned to the left to avoid it and drove through an unprotected safety zone, which was merely outlined on the pavement, striking Mrs. MacKenzie, who was standing therein with her 17-year old daughter. Mrs. MacKenzie's body was thrown

ahead of Good's car and she died about an hour later
in the Receiving Hospital. Good's lights and brakes,
according to his testimony, were working well, and
his windshield was clean. He was 52 years old, had
been continuously employed at the same place of
business for the last 13 years, except when it was
shut down, and was a man of good character. After
Good's conviction by the jury, the court ordered
that he be placed upon probation for a term of five
years under the following conditions:

"1. That said defendant shall not operate a
motor vehicle.

"2. That said defendant shall make restitution
in the sum of $385 payable as determined by the
probation department, and any further sum later
imposed by the court.

"3. That said defendant shall be committed to
the Detroit house of correction and therein confined
for a term of three months. It is hereby ordered by
the court, that said term be suspended until the
terms of probation are violated."

Two questions are raised in this appeal:

1. Appellant Good complains of the following
instruction:

"If you find from the evidence in this case that
this deceased person was standing in the highway
and that the defendant drove his automobile against
her, and that the reason he did drive his automobile
against her was that he didn't see her, then I charge
you that he is guilty of the negligence which it is
necessary for the people to prove in this case."

The night on which the accident occurred was
quite dark, the safety zone in which Mrs. Mac-
Kenzie and her daughter were standing was poorly
lighted and Mrs. MacKenzie's clothing was dark

and blended in with the surroundings. Appellant claims that, because of these circumstances, the jury should have been free to determine whether or not his failure to see Mrs. MacKenzie constituted negligence and that the court erred, therefore, in charging in effect that such failure was negligence as a matter of law.

We do not find any error in this charge. An automobile driver, whose view is not obstructed, is bound to see pedestrians who come within the range of his lights. See *Lett* v. *Summerfield & Hecht,* 239 Mich. 699; *Haney* v. *Troost,* 242 Mich. 693, and *Russell* v. *Szczawinski,* 268 Mich. 112. These cases, it is true, involved collisions with large objects, such as trucks and other automobiles, but the same principle is applicable to the present situation where a pedestrian is involved. We are not unaware of the cases in which this court has held that failure to see unusual objects whose presence may not be anticipated, despite the exercise of due care, is not negligence as a matter of law. *Martin* v. *J. A. Mercier Co.,* 255 Mich. 587 (78 A. L. R. 520) (hole in road); *Marek* v. *City of Alpena,* 258 Mich. 637 (bump in road); *Garrison* v. *City of Detroit,* 270 Mich. 237 (unlighted abandoned traffic signal), and *Bard* v. *Baker,* 283 Mich. 337 (unlawful overhanging load on truck). However, autoists are bound to anticipate that pedestrians may be present on the street.

While the court's charge left very little for the jury to determine with respect to defendant's negligence, the language of the charge, taken as a whole, is within the law of this State. *People* v. *Dougherty,* 232 Mich. 46.

2. The order conditioning probation partly on restitution was presumably entered under the authority of 3 Comp. Laws 1929, § 17373, as amended

by Act No. 308, Pub. Acts 1931 (Stat. Ann. § 28.1133), which provides in part:

"The court may impose such other lawful conditions of probation, including restitution in whole or in part to the person or persons injured or defrauded, as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper."

Appellant claims that this provision violates the due process clause of both Federal and State Constitutions, in that it does not provide for a hearing on the question of damages to be assessed, nor does it give a defendant an opportunity to interpose the defenses, such as the contributory negligence of a decedent, which are available to him in civil proceedings; also that the notice of a criminal prosecution is "not appropriate to a proceeding in which civil damages may be assessed."

The arguments of appellant are based upon the erroneous assumption that damages are "assessed" by the court when restitution is made a condition of probation. Such is not the case. No judgment is rendered for, nor could a writ of execution issue to enforce the collection of, the sum specified. A defendant in such instance is merely given the alternative of abiding by the conditions imposed or else suffering the imposition and execution of a sentence which ordinarily follows a verdict of guilty. This defendant was not deprived of any of his rights without due process; rather he was given the additional privilege of avoiding the usual penalty of his crime by the payment of a sum of money and the observance of the other conditions attached to his probation. Consequently it was not a deprivation of due process of law to deny defendant a hearing on the question of the amount of "damages" to be

imposed as a condition of probation and the statute, section 17373, is ample notice of the possibility that such a condition might be imposed.

Probation is not a matter of right but rests in the sound discretion of the court. *People* v. *Dudley,* 173 Mich. 389. No claim is made that the trial court abused its discretion.

Subsequent to the oral argument, we requested counsel to submit briefs on the question of whether the order of the recorder's court, quoted *supra,* is valid.

The order provides that the defendant "shall be committed to the Detroit House of Correction and therein confined for a term of three months," which sentence is thereupon suspended "until the terms of probation are violated." We have been unable to find any authorization for such an order by the trial court. On the contrary, the provisions of the act relative to probation contemplate that imposition and execution of sentence shall await disposition of the matter of probation. 3 Comp. Laws 1929, § 17374 (Stat. Ann. § 28.1134), provides the procedure for revocation of the probation order and then declares:

"In case such probation order is terminated and revoked, the court may *proceed to sentence* such probationer in the manner and to the same penalty as it might have done if such probation order had never been made."

Section 17375, 3 Comp. Laws 1929 (Stat. Ann. § 28.1135), provides that upon termination of the probation period—

"The court may thereupon discharge the probationer from further supervision and enter judgment of suspended sentence, or extend the probation period, as the circumstances may require,"

The order is invalid because not in accordance with the statute.

The provision in 3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931 (Stat. Ann. § 28.1133), that as "a condition of probation, the court may require the probationer to be immediately imprisoned in the county jail for not more than sixty days," has no bearing on the validity of the order. The suspended sentence imposed in the instant case was not an immediate imprisonment as a condition of probation, but rather purported to be a final sentence. It should also be noted that this section permits incarceration as a condition of probation for a maximum period of 60 days, whereas in the present case a 90-day period was stated.

The order is invalid also because it permits the probation department to determine how restitution of the $385 shall be made by defendant. Section 17373, as amended, permits the *court* to impose the conditions of probation including restitution, et cetera, and contains no authorization for a delegation of this duty, in whole or in part, to the probation department. The probation department may act in this matter in, at most, an advisory capacity.

The court should in any event include within its order the specific purpose, terms and conditions of the payment of money by a defendant if such payment is made a condition of probation. This record is silent in this respect and, therefore, we are unable to say whether the payment ordered was or was not a proper condition of probation.

The order of the trial court is set aside and respondent is remanded for the entry of a correct order of probation or sentence.

Butzel, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred with Bushnell, J.

WIEST, C. J. (*concurring*). I concur in the reversal of the order of probation, but go farther than Mr. Justice BUSHNELL.

The condition of the probation order that defendant make restitution in the sum of $385 was in the nature of damages, was without statutory authorization, beyond the inherent power of the court and void.

Restitution, in whole or in part, to the person or persons injured or defrauded can be had by restoring something to the proper owner in reparation for injury accomplished by criminal act but does not import power to assess civil damages as a condition of probation in a case of negligent homicide. In what respect does the assessment bear relation to restitution, in whole or in part, to the person killed? None whatever.

Restitution is the return of something taken, a restoration. Every lawyer knows of the writ of restitution in case of forcible entry and detainer, and the legislature is presumed to have had in mind the meaning of the term employed.

Restitution is a returning of something taken; the act of returning what has been taken. March's Thesaurus Dictionary, subject "Taking—Restoration."

The purge idea, expressed in this statute, is as old as the Book of Numbers, where we find in chapter 5, American Translation, the following:

"He must confess the sin that he has committed, and restore his ill-gotten gains in its original amount, adding a fifth to it and giving it to him whom he wronged."

Skeat, in his Etymological Dictionary of the English language, states that the word comes from

the Latin "Restitutionem," the accusative case of "Restitutio," a restoring.

Over 300 years ago Calipini in his Dictionarum Octo Linguarum defined "Restitutio," to mean, in English, "to restore," and "Restitutionis," "a restoring."

All dictionaries carry the same meaning.

In Crabb's Synonyms, I find the true test to apply to the term "Restitution" as employed in this statute:

"Restitution and reparation are both employed in the sense of undoing that which has been done to the injury of another; but the former respects only injuries that affect the property, and reparation those which affect a person in various ways. He who is guilty of theft, or fraud, must make restitution by either restoring the stolen article or its full value; he who robs another of his good name, or does any injury to his person, has it not in his power so easily to make reparation."

Crabb's English Synonyms, Subjects—Restoration, Restitution, Reparation, Amends.

We do not pass upon the power of the court, in a case where infants have been bereft of parental support by criminal act, to require of the offender, as a condition of probation, some measure of requital, for such was not the order in the instant case.