PEOPLE v HERNANDEZ

CRIMINAL LAW—SENTENCES—INDIGENTS—FINES—IMPRISONMENT—
    CONSTITUTIONAL LAW—EQUAL PROTECTION.

> A sentence of an additional year of imprisonment imposed on an
> indigent defendant because of his inability to pay a fine de-
> prived him of his constitutional right to the equal protection of
> the laws as guaranteed by the Fourteenth Amendment of the
> United States Constitution (US Const, Am XIV).

Appeal from Saginaw, Joseph R. McDonald, J.
Submitted Division 3 January 14, 1974, at Detroit.
(Docket No. 15167.) Decided March 22, 1974.

Frank G. Hernandez was convicted, on his plea
of guilty, of unlawful possession of heroin. Defend-
ant appeals. Sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *E. Brady Denton,*
Prosecuting Attorney, and *Patrick M. Meter,* As-
sistant Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate De-
fender, for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and CARLAND,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 233.

Right of indigent defendant in criminal case to aid of state as
    regards new trial or appeal, 55 ALR2d 1072.

Right under the Federal Constitution of indigent defendant in
    criminal case to aid of state as regards appeal or postconviction
    remedy—Federal cases, 6 L Ed 2d 1295.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Frank Hernandez, an indigent defendant, entered a plea of guilty to the charge of unlawful possession of heroin (MCLA 335.153; MSA 18.1123) and was sentenced to a term of from five to ten years in prison. On December 22, 1972, defendant was ordered resentenced pursuant to MCLA 335.361; MSA 18.1070(61), MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a), and MCLA 335.314; MSA 18.1070(14). On December 27, 1972, defendant was resentenced by Circuit Judge Joseph R. McDonald to a term of from 2-1/2 to 4 years in prison and given a $2,000 fine or an additional 1 year in prison if he could not pay the fine.

On this appeal defendant presents two issues for our consideration, both of which challenge the trial court's action of imposing an additional year of imprisonment upon defendant's failure to pay a fine. Since the first issue raised by defendant is dispositive of the case before us, we find it unnecessary to reach defendant's second contention.

Defendant argues, and we agree, that the additional year of imprisonment he received because of his inability to pay the $2,000 fine served to deprive him of his constitutional right to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. In *Tate v Short,* 401 US 395; 91 S Ct 668; 28 L Ed 2d 130 (1971), the United States Supreme Court held that the imprisonment of an indigent defendant solely because of his inability to pay accumulated fines constituted an invidious discrimination in violation of the equal protection clause of the Fourteenth Amendment. In reaching this conclusion the Court, quoting from *Morris v Schoonfield,* 399 US 508, 509; 90 S Ct 2232, 2233; 26 L Ed 2d 773, 774 (1970), stated:

" '[T]he same constitutional defect condemned in *Williams [v Illinois,* 399 US 235; 90 S Ct 2018; 26 L Ed 2d 586 (1970)] also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine. In each case, the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.' " 401 US at 398; 91 S Ct at 671; 28 L Ed 2d at 133.

It is our considered opinion that both the language and logic of Mr. Justice Brennan's opinion in *Tate* require us to hold that the additional sentence imposed in the present case is violative of defendant's rights under the equal protection clause of the Fourteenth Amendment. While we recognize that *Tate* involved a sentence of imprisonment being meted out by a court without the power to impose a sentence of imprisonment for any other type of offense and that the offenses involved in *Tate* were, in the absence of failure to pay, punishable by fine only, we do not think those facts detract from its applicability under the peculiar circumstances of this case. Defendant herein is indigent and unable to pay the $2,000 fine. Our review of the record leads us to conclude that, in this case, it would be futile to remand the case for a determination of the availability of alternative methods for securing payment of the validly imposed fine. Accordingly, the sentence of an additional year of imprisonment for failure to pay the $2,000 fine is vacated and hereby declared null and void. Defendant's sentence of 2-1/2 to 4 years for possession of heroin, however, remains unaffected by our decision herein.