PEOPLE v DOUBLE

CRIMINAL LAW—PROBATION—VIOLATION OF PROBATION—ADDITIONAL
    PROVISIONS—SERVING TIME IN JAIL—CONSTITUTIONAL LAW—
    EQUAL PROTECTION OF LAWS—COURT COSTS—RESTITUTION—
    ABILITY TO PAY.

A trial court did not act unreasonably in finding a defendant to
    be in violation of the conditions of his probation and thereupon
    again placing him on probation with the additional provision
    that he serve 60 days in the county jail, and the defendant was
    not thereby denied equal protection of the laws, where the
    defendant had pled guilty to larceny in a building and had
    been placed on probation, where one of the conditions of
    probation was that defendant pay $20 per week until the court
    costs and certain restitution payments had been discharged,
    where defendant paid only $25 total in the 21 months following
    his conviction despite having been warned by the trial court on
    a number of occasions that he must make the payments, and
    where the defendant admitted that he had the money neces-
    sary to make the required payments.

Appeal from Lenawee, Rex B. Martin, J. Submit-
ted Division 2 December 9, 1974, at Lansing.
(Docket No. 20354.) Decided January 9, 1975.

Edward G. Double was convicted, on his plea of
guilty, of larceny in a building. From the revoca-
tion of a prior order of probation and a new order

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 565, 567, 568.

Restitution, construction of clause of Federal Probation Act (18
    USC § 3651) that, in placing defendant on probation upon terms
    and conditions, defendant may be required to make. 97 ALR2d
    798.

Right to notice and hearing before revocation of suspension of
    sentence, parole, conditional pardon, or probation. 29 ALR2d
    1074.

of probation including a 60-day jail sentence, defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Howard C. Marderosian,* of counsel), for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

PER CURIAM. Defendant pled guilty to larceny in a building contrary to MCLA 750.360; MSA 28.592. On June 8, 1972, defendant was placed on probation for a period of five years. One of the conditions of probation was that defendant pay $20 per week until the court costs and certain restitution payments had been discharged. Defendant, despite having been warned by the trial court on a number of occasions that he must make the payments, paid only $25 between the time of the original sentence and March 22, 1974. On that date, the trial court found defendant to be in violation of the conditions of his probation and thereupon again placed defendant on probation, but with the additional provision that defendant serve 60 days in the county jail. From the revocation of the prior order of probation and the new order of probation including the 60-day jail sentence, defendant appeals as of right.

On appeal, defendant argues that the 60-day jail sentence denied him his right to equal protection of the law, since it was the result of his inability

to make the periodic payments. We need not decide whether it is a denial of equal protection of the law where an order of probation is held to have been violated because of the probationer's inability to make periodic payments toward court costs and restitution. It will suffice to say that the record before us does not support the allegation that defendant was, in fact, unable to make the required payments. Indeed, defendant himself admitted on the record that he had the money necessary to make the required payments. He was employed at the time the sentence was imposed.

We do not agree that the recent case of *People v Hernandez,* 53 Mich App 91; 218 NW2d 394 (1974), is dispositive in favor of defendant. In that case the indigent defendant was given a $2,000 fine or an additional one year in prison if he could not pay the fine. There is a great distinction between imposing an immediate payment of fine and the situation in the instant case of imposing a jail sentence only after a one-year-and-nine-month period during which defendant, though from time to time gainfully employed, failed to make payments previously ordered by the court.

We would further note that defendant at no time requested that the trial court amend the probation order to include a payment schedule at a lesser amount. Under the circumstances we cannot say that the trial court's actions were unreasonable.

Affirmed.