PEOPLE v TERMINELLI

1. CRIMINAL LAW—PROBATION REVOCATION—PAYMENT OF COSTS—IN-
    DIGENCY—CONSTITUTIONAL LAW—EQUAL PROTECTION.
    The revocation of a defendant's probation for failure to meet a
    condition of probation that he make payments toward "costs or
    fines" violates the defendant's right to equal protection of the
    laws where the defendant is unable to make the payments
    because of indigency.

2. CRIMINAL LAW—PROBATION—JUDGES—DISCRETION—INDIGENCY.
    Probation is a privilege, the granting of which rests within the
    discretion of the trial court; however, a decision to terminate
    that privilege may not be based upon the probationer's finan-
    cial situation of indigency.

Appeal from Oakland, James S. Thorburn, J.
Submitted February 9, 1976, at Lansing. (Docket
No. 24862.) Decided April 27, 1976.

James P. Terminelli was convicted, on his plea
of guilty, of attempted breaking and entering, and
he was placed on probation. Probation revoked for
failure to make payments towards costs, and de-
fendant was sentenced to a term of imprisonment.
Defendant appeals. Reversed and probation rein-
stated.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *James L. McCarthy,* Assist-
ant Appellate Counsel, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 562 *et seq.*

*Tripp, Tripp & Freydl,* for defendant.

Before: Bronson, P. J., and McGregor and R. M. Maher, JJ.

R. M. Maher, J. Defendant, upon a charge of breaking and entering, MCLA 750.110; MSA 28.305, pled guilty to an added count of attempted breaking and entering. On November 14, 1974, he was sentenced to three years probation. One of the conditions of his probation was payment of "costs or fines in the sum of $400 forthwith or at the rate of $20 per month".

On May 8, 1975, defendant appeared before the trial court on an order to show cause why his probation should not be revoked for his failure to make any payments towards the costs. After a brief hearing, the court found defendant in violation of his probation. On May 15, 1975, the court sentenced defendant to three to five years imprisonment. Defendant appeals.

It is not disputed that defendant violated the conditions of his probation by failing to make any payments towards costs. Defendant contends that his nonpayment, due to his indigency, cannot be used as a basis for revocation of his probation and imposition of a prison term, for such action constitutes a poverty-based discrimination prohibited by the Fourteenth Amendment. The prosecution counters with the assertion that defendant did not establish his indigency.

In other contexts, the equal protection clause of the Fourteenth Amendment has been used to prohibit imprisonment of indigents for nonpayment of fines or levies. In *Williams v Illinois,* 399 US 235; 90 S Ct 2018; 26 L Ed 2d 586 (1970), the Supreme Court found an invidious discrimination in the Illinois scheme in which a prisoner, unable to pay

a fine imposed along with a prison term, was held in jail beyond the statutory maximum term to satisfy the fine. The Court later held, in *Tate v Short,* 401 US 395; 91 S Ct 668; 28 L Ed 2d 130 (1971), that imprisonment of an indigent without means to pay accumulated traffic fines, in a state with a "fines only" policy for traffic offenses, constituted impermissible discrimination on the basis of economic status. *Cf. Morris v Schoonfield,* 399 US 508; 90 S Ct 2232; 26 L Ed 2d 773 (1970).

The reasoning behind the holdings in both *Williams* and *Tate* applies to probation revocation. Payment of costs as a condition of probation is legitimate, *Fuller v Oregon,* 417 US 40; 94 S Ct 2116; 40 L Ed 2d 642 (1974), but where indigency prevents a probationer from fulfilling such a condition, his subsequent imprisonment constitutes a discrimination on the basis of economic status. The prosecution does not attempt to demonstrate any significant state interest served by this discrimination, nor is any apparent to us. Without such justification, the revocation of an indigent's probation for failure to make payments towards costs must be viewed as an impermissible denial of equal protection. *Cf. People v Hernandez,* 53 Mich App 91; 218 NW2d 394 (1974).

In holding that revocation of an indigent's probation for failure to make payments ordered as a condition of probation violates the probationer's constitutional rights, we in no way challenge the long-held view that probation is a privilege, the granting of which rests within the discretion of the trial court. *People v Good,* 287 Mich 110; 282 NW 920 (1938), *People v Jim Williams,* 57 Mich App 439; 225 NW2d 798 (1975). The decision to terminate that privilege, however, cannot be based upon the probationer's financial situation of indigency.

Dicta in *People v Gallagher,* 55 Mich App 613, 620; 223 NW2d 92 (1974), directly supports this position:

"If restitution ordered is not paid because the defendant has been unable to pay it, he should not have probation revoked or be imprisoned. The principle involved is the same as that involved in imprisonment for failure to pay a fine that cannot be paid. See *People v Kay,* 36 Cal App 3d 759; 111 Cal Rptr 894 (1973); *Tate v Short,* 401 US 395; 91 S Ct 668; 28 L Ed 2d 130 (1971)."

The Supreme Court, in *Fuller v Oregon, supra,* considered the Oregon recoupment statute under which repayment of costs for providing counsel could be made a condition of probation. Though *Fuller* was concerned with the effect of the recoupment statute upon the Sixth Amendment right to counsel, the opinion emphasized that the obligation to repay was not imposed upon all probationers who had been provided counsel. The Court noted that the statute "is carefully designed to insure that only those who actually become capable of repaying the State will ever be obligated to do so". 417 US at 53; 94 S Ct at 2124; 40 L Ed 2d at 654. The statute's limitation made a decision on the question now before us unnecessary. 417 US at 53, n. 12; 94 S Ct at 2124; 40 L Ed 2d at 654.

At the show cause hearing, defendant attempted to demonstrate his inability to make payments as ordered. He testified that he had told his probation officer about his unemployment and that he was unable to make the payments. Defendant's probation officer testified that he was aware of defendant's unemployment and inability to make payments. The court was apparently uninterested in

defendant's financial situation and would not allow further inquiry into the matter by defendant's counsel. The prosecution only presented evidence showing defendant's nonpayment of costs.

While the record does not demonstrate conclusively that defendant was unable to make the $20-a-month payments, we cannot, as the prosecution would have us, deny defendant's claim on that basis. Defendant established, as best he could, his inability to make payments. The lack of more extensive proofs resulted from the court's limiting counsel's presentation. We must hold, on the record before us, that the revocation of defendant's probation and the imposition of sentence were invalid.

We realize that installment payments are often suggested as a means to avoid equal protection obstacles to fines or orders for payment of restitution or costs, see, *e.g., Williams v Illinois, supra,* 399 US at 244, n. 21; 90 S Ct at 2024; 26 L Ed 2d at 595. We are aware that $20 a month is not an unduly large sum, and also that even unemployed persons might be able to gather that amount from various sources. Our decision here does not preclude further inquiry into defendant's ability to fulfill the conditions of his probation.

We trust that this opinion will not be taken as prohibiting any probation conditions requiring the payment of costs or restitution. It is not in disagreement with *People v Double,* 57 Mich App 633; 226 NW2d 594 (1975), which rejected an equal protection claim by a probationer who admitted his ability to make the payments required as a condition of his probation.

Defendant's sentence is reversed and his probation reinstated.