PEOPLE v LEMON

1. CRIMINAL LAW—PROBATION—CONSTITUTIONAL LAW—CONDITIONS OF
   PROBATION—RESTITUTION—DUE PROCESS.

   It is not a deprivation of due process of law to deny a defendant a
   hearing on the question of the amount of damages to be
   imposed as a condition of his probation; rather than being
   deprived of rights without due process of law, the defendant is
   given the privilege of avoiding the usual penalty for his crime
   by the payment of a sum of money and the observance of other
   conditions attached to his probation.

2. CRIMINAL LAW—PROBATION—JUDGE'S DISCRETION—APPEAL AND ER-
   ROR—NONINTERFERENCE.

   Probation is within the province of the sentencing judge, and
   appellate courts will not interfere in probation matters absent
   a showing of a violation or abuse of statutory authority or of
   some constitutional right of the defendant.

3. CRIMINAL LAW—PROBATION—RESTITUTION—UNDUE HARDSHIP—
   MODIFICATION OF PROBATION.

   The amount and manner of payment of reasonable restitution in
   granting probation is a matter for the judgment of the sentenc-
   ing judge but if payment is impossible or would constitute an

---

REFERENCES FOR POINTS IN HEADNOTES

[1–8] Payment: ability to pay as necessary consideration in condition-
ing probation or suspended sentence upon reparation or restitu-
tion. 73 ALR3d 1240.

Violence: propriety of condition of probation which requires defend-
ant convicted of crime of violence to make reparation to injured
victim. 79 ALR3d 976.

[1, 2, 5, 8] 16 Am Jur 2d, Constitutional Law §§ 542, 544.

[1–5, 8] 21 Am Jur 2d, Criminal Law §§ 563–566.

Construction of clause of Federal Probation Act (18 USCS § 3651)
that, in placing defendant on probation upon terms and condi-
tions, defendant may be required to make restitution. 97 ALR2d
798.

[2–5, 7, 8] 21 Am Jur 2d, Criminal Law §§ 569, 571, 572.

[6–8] 16 Am Jur 2d, Constitutional Law §§ 386–388, 492.

21 Am Jur 2d, Criminal Law § 567.

undue hardship the conditions of payment should be modified or withdrawn.

4. CRIMINAL LAW—PROBATION—RESTITUTION—ABILITY TO PAY—MODI-
FICATION OF PROBATION—JUDGE'S DISCRETION—ABUSE OF DIS-
CRETION.

A trial court does not abuse its discretion by imposing a reim-
bursement condition of probation which fairly reflects a defend-
ant's ability to pay; however, where the reimbursement or
restitution condition does not fairly reflect the defendant's
ability to pay, it is an abuse of discretion for the sentencing
court to refuse to modify or withdraw the condition when
notified of the defendant's financial situation.

5. CRIMINAL LAW—SENTENCES—ASSUMED FACTS—DUE PROCESS—PRO-
BATION—JUDGE'S DISCRETION—INVALID ORDER.

A defendant's sentence based upon unverified, unsupported or
assumed facts is arbitrary, unreasonable and a denial of due
process of law, and when a judge determines a condition of
probation on the basis of unverified assumptions there is an
abuse of discretion and the probation order is invalid.

6. CRIMINAL LAW—PROBATION—RESTITUTION—REVOCATION OF PROBA-
TION—IMPRISONMENT—EQUAL PROTECTION.

Revocation of probation and imposition of imprisonment for
failure to pay restitution is improper where the defendant is
financially unable to do so; revocation on this basis is a denial
of the defendant's constitutional right to equal protection be-
cause his imprisonment constitutes discrimination on the basis
of economic status.

7. CONSTITUTIONAL LAW—CRIMINAL LAW—EQUAL PROTECTION—PRO-
BATION— RESTITUTION—INABILITY TO PAY—APPEAL AND ERROR.

A defendant is entitled to invoke the equal protection doctrine on
appeal where he objected in the trial court to a probation
restitution order on the basis that he had no assets and was
financially unable to make the required payments from his
employment earnings and the judge revoked his probation
because of his failure to make restitution.

8. CRIMINAL LAW—PROBATION—RESTITUTION—REVOCATION OF PROBA-
TION—VERIFICATION OF ASSUMPTIONS.

A sentencing judge may not base an order of restitution or
revocation of probation on the assumed ability of the defendant
to pay where such assumption was objected to by the defendant
and the assumption was never verified.

Appeal from Recorder's Court of Detroit, Clarence Laster, Jr., J. Submitted December 8, 1977, at Detroit. (Docket No. 30369.) Decided January 23, 1978.

Aaron Lemon, Jr., was convicted, on his plea of nolo contendere, of attempted larceny over $100 and was sentenced to probation. Defendant was found guilty of probation violation and probation was revoked and defendant sentenced to prison. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for defendant.

Before: M. F. CAVANAGH, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. This is an appeal from the revocation of probation. Defendant was charged with embezzlement of more than $100, to-wit, $23,900, contrary to MCLA 750.174; MSA 28.371. On June 19, 1973, he pled nolo contendere to the charge of attempted larceny over $100, contrary to MCLA 750.92, 750.360; MSA 28.287, 28.592. Defendant was sentenced to five years probation by Judge Clarence Laster, Jr., on July 19, 1973. The order of probation required the defendant to serve the first six months in the Detroit House of Correction and included the condition "that probationer shall make restitution as follows: to be determined".

On October 30, 1973, the court entered an

amended order of probation which exonerated the defendant from serving any further time in jail, allowed the defendant to live in Windsor, Ontario, and restated the earlier condition of the restitution: "to be determined".

Subsequently, a judgment following civil litigation was rendered against the defendant, and on May 20, 1976, an amended order of probation was entered. The order required the defendant, as a condition of probation, to make restitution in the amount of $23,900, payable at the rate of $1,000 per month.

Apparently, the defendant received no notice of the amended order until June 24, 1976, when he appeared before Judge Laster and the order was explained to him. At that time, the defendant advised the judge of his financial inability to comply with the terms of the order. The judge acknowledged the defendant's financial inability to pay $1,000 per month from his employment earnings, but refused to amend the order in the belief that the defendant was still in possession of the embezzled funds. The defendant attempted to dispel that belief.

Subsequently, the defendant fulfilled all of the conditions of probation except payment of $1,000 per month restitution. In July and August, 1976, the defendant reported to the probation department as required and paid $5 on each occasion. A notice of probation violation charging the defendant with failure to pay $1,000 per month as ordered by the court was issued and a revocation hearing was held on September 27, 1976, before Judge Laster.

At the hearing, defendant, this time assisted by counsel, reasserted his financial inability to make the monthly $1,000 restitution payments. Defense counsel stated to the court:

"[The defendant] stated he did not have the money, has not got the money, and it is my position, equally, with respect to this matter before, that he can't be found guilty of contempt, failing to comply with the order based upon the assumption that he has the money."

The court convicted the defendant of probation violation on the basis of his failure to pay the $1,000 per month restitution as ordered, and sentenced the defendant to 20 months to 2-1/2 years imprisonment.

On appeal, the defendant contends that he was entitled to notice and opportunity to be heard prior to entry of the amended order of probation wherein specific terms of restitution payment were provided.

In *People v Good,* 287 Mich 110; 282 NW 920 (1938), the Court rejected a similar claim that the due process clause of both the Federal and State Constitutions requires that the defendant be afforded notice and an opportunity to be heard on the amount of restitution prior to its determination. The Court reasoned:

"A defendant [when ordered to pay restitution as a condition of probation] * * * is merely given the alternative of abiding by the conditions imposed or else suffering the imposition and execution of a sentence which ordinarily follows a verdict of guilty. This defendant was not deprived of any of his rights without due process; rather he was given the additional privilege of avoiding the usual penalty of his crime by the payment of a sum of money and the observance of the other conditions attached to his probation. *Consequently it was not a deprivation of due process of law to deny defendant a hearing on the question of the amount of 'damages' to be imposed as a condition of probation* and the statute, section 17373, is ample notice of the possibility that such a condition might be imposed." 287 Mich at 115, 116 (Emphasis supplied.)

The underlying reasoning of the *Good* Court that probation and its conditions thereof is a privilege has recently been reaffirmed in *People v Rial,* 399 Mich 431, 437; 249 NW2d 114 (1977). See also *People v Jim Williams,* 57 Mich App 439, 441–442; 225 NW2d 798 (1975), *People v Terminelli,* 68 Mich App 635, 637; 243 NW2d 703 (1976). Thus, *Good, supra,* is still a good law in this jurisdiction and is dispositive of the defendant's procedural due process claim.

Defendant cites *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974), in support of his position. In dictum, the *Gallagher* Court suggested:

"It seems desirable to have the defendant and his lawyer participate in the restitution decision. The matter might be discussed at the time of a plea of guilty. The recommended amount of restitution or reparation and the manner of its payment should be included in the presentence report and disclosed. The court might tell the defendant at the time of conviction that if probation is granted, restitution may be required, and suggest that he and his lawyer propose a plan for restitution to the presentence investigator. In any event, the court could invite comment from defendant about the restitution the court is considering before it is imposed as a part of the sentence." 55 Mich App at 620.

While the recommended procedure should be followed by sentencing judges, the *Gallagher* Court did not hold that it was a prerequisite to a valid order of probation, and we decline to do so at this time.

Probation is within the province of the sentencing judge, and the appellate courts will not interfere in probation matters absent a showing of a violation or abuse of statutory authority or violation of some constitutional right of the defendant.

*People v Sattler,* 20 Mich App 665, 669–670; 174 NW2d 605 (1969).

"The amount and manner of payment of reasonable restitution is a matter for the judgment of the sentencing judge, as to him 'may be meet and proper'." *People v Gallagher, supra,* at 620.

In *People v LaPine,* 63 Mich App 554, 558; 234 NW3d 700 (1975), this Court stated:

"However, we caution the trial court that if payment is impossible or would constitute an undue hardship, these conditions should be modified or withdrawn. See *People v Gallagher,* 55 Mich App 613, 619–620; 223 NW2d 92 (1974)."

There we dealt with a reimbursement condition of parole, and stated that so long as reimbursement fairly reflects the defendant's ability to pay, the trial court does not abuse its discretion by imposing the requirement. It necessarily follows that where the reimbursement or restitution condition does not fairly reflect the defendant's ability to pay, it is an abuse of discretion for the sentencing court to refuse to modify or withdraw the condition when notified of the defendant's financial situation.

Here, the judge was informed of and recognized the defendant's inability to make the $1,000 monthly restitution payments from his employment earnings. Nonetheless, the judge refused to modify or withdraw the probation condition solely on the basis of the judge's unverified assumption that the defendant was in possession of the embezzled funds and therefore financially able to make the restitution as ordered. There is some indication in the record that the defendant was

not, in fact, in possession of the funds. Defendant also attempted to convince the judge that he did not have the funds.

In *People v Westerfield,* 71 Mich App 618; 248 NW2d 641 (1976), the Court held that sentencing the defendant on the basis of unverified assumptions of fact was a denial of due process. The Court stated:

" * * * [I]t is apparent that, in effect, defendant's sentence was increased because of the trial court's belief that defendant was guilty of offenses which defendant denied. *There was no proof to support this conclusion by the trial court.* A sentence based on such considerations amounts to a denial of due process. *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972), *People v Perine,* 7 Mich App 292; 151 NW2d 876 (1967), *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972). A sentencing judge has a duty to ascertain, upon objection by a defendant, that the defendant is not prejudiced in sentencing by false information. *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975). That duty is not fulfilled where, as here, a convicted defendant *is sentenced on the basis of assumptions of fact based on no proof and inconsistent with defendant's version of the facts."* 71 Mich App at 626. (Emphasis supplied.)

The implicit reasoning of *Westerfield, supra,* is that the judge's action in sentencing the defendant on the basis of unsupported assumed facts is arbitrary and unreasonable. Without deciding whether the defendant is afforded the same constitutional protections when the judge determines a condition of *probation* on the basis of unverified assumptions, we hold that such action is an abuse of discretion and that the resulting probation order is invalid.

The sentencing court may not revoke the de-

fendant's probation and impose imprisonment on the basis that the defendant has failed to pay restitution as ordered where he is financially unable to do so. Revocation on this basis constitutes a denial of the defendant's constitutional right to equal protection, as his imprisonment constitutes a discrimination on the basis of economic status. *People v Gallagher, supra* at 620, *People v Terminelli,* 68 Mich App 635, 637; 243 NW2d 703 (1976).

Here, where the defendant objected below to the required restitution payment of $1,000 per month, on the basis that he had no assets and was financially unable to make such payments from his employment earnings, which the judge acknowledged, he is entitled to invoke on appeal the protection of the equal protection doctrine. See *People v Billy Williams,* 66 Mich App 67; 238 NW2d 407 (1975).

The facts presented by the defendant to the sentencing judge showed that the defendant was financially unable to make monthly restitution payments of $1,000. The sentencing judge may not base his restitution order or revocation of probation on assumed ability to pay where such assumption is objected to by the defendant, and subsequently left unverified.

Therefore, we hold that the court's revocation of defendant's probation and sentence imposing imprisonment was improper and must be vacated and set aside. We remand the cause for redetermination of the restitution condition, and strongly urge that the procedures suggested in *People v Gallagher, supra,* be followed.