PEOPLE v HOFFER

Docket Nos. 127279, 135909. Submitted November 12, 1991, at Detroit. Decided April 20, 1992, at 9:00 A.M.

Steven R. Hoffer pleaded guilty in the Monroe Circuit Court, William J. Weipert, Jr., J., of breaking and entering a motor vehicle with intent to steal property with a value in excess of $5, and was sentenced to five years' probation. He thereafter pleaded guilty of violating several terms of his probation, and the court, William F. LaVoy, J., amended the terms of the defendant's probation by adding the requirement that he successfully complete a special alternative to incarceration program. After he failed to complete the program, he again pleaded guilty of violating his probation, and was sentenced by Judge LaVoy to forty to sixty months' imprisonment. The defendant filed two appeals, alleging in one that his sentence violates the principle of proportionality and, in the other, that, because he is indigent, the court erred in revoking his probation for failure to pay restitution. The appeals were consolidated.

The Court of Appeals *held*:

1. Remand is appropriate to allow the trial court to apply the principles set forth in *People v Milbourn,* 435 Mich 630 (1990), and to determine whether the sentence is proportional.

2. The sentence was based on the finding that the defendant had violated probation by failing to complete the special alternative to incarceration program, not on a finding that he had failed to pay restitution.

Conviction affirmed, sentence vacated, and case remanded for resentencing.

WEAVER, P.J., concurring in part and dissenting in part, stated that resentencing is not necessary because the sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William D. Frey,* Prosecuting Attorney, and *Lawrence J. VanWasshe-*

*nova,* Assistant Prosecuting Attorney, for the people.

*Luther W. Glenn, Jr.,* for the defendant.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. Defendant pleaded guilty in the Monroe Circuit Court of breaking and entering a motor vehicle with intent to steal property with a value in excess of $5, MCL 750.356a; MSA 28.588(1). On January 10, 1986, defendant was sentenced to five years' probation. On February 28, 1990, defendant pleaded guilty of violating several of the terms of his probation. Subsequently, the trial court acceded to defendant's request that he be enrolled in the special alternative to incarceration program. Then, on June 25, 1990, defendant again pleaded guilty of violating his probation. Defendant requested that sentencing for this violation be deferred until December 7, 1990. On that date, defendant was sentenced to forty to sixty' months imprisonment. Defendant appeals as of right.

Defendant first argues that the trial court abused its discretion under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), by imposing a sentence of forty to sixty months' imprisonment. Defendant claims his sentence violates the principle of proportionality.

Although the sentencing guidelines do not apply to a defendant convicted of probation violation, *People v Leske,* 187 Mich App 153, 158; 466 NW2d 361 (1991), the forty- to sixty-month sentence imposed in this matter greatly exceeded the guidelines' recommendation for the underlying breaking and entering conviction and, although defendant

was sentenced following release of the *Milbourn* decision, we are not certain that the trial court had the opportunity to apply the *Milbourn* principles in this case. There was no mention of that case or of the principle of proportionality. Because the departure in this case was so great, and because we believe that the trial court should apply the principles set forth in *Milbourn* in the first instance and determine whether the sentence is proportional, we remand this matter for resentencing under *Milbourn.* For these reasons, we need not and do not reach defendant's claim of abuse of discretion.

Defendant next argues that the court erred in revoking his probation for failure to pay restitution when the reason for nonpayment was his indigence, citing *People v Terminelli,* 68 Mich App 635; 243 NW2d 703 (1976); *People v Lemon,* 80 Mich App 737; 265 NW2d 31 (1978). Defendant's argument is based on a mischaracterization of the record. The December 7, 1990, sentencing was based on the June 25, 1990, finding that defendant had violated his probation by failing to complete the special alternative to incarceration program.

Defendant's conviction is affirmed, his sentence is vacated, and the case is remanded for resentencing. We do not retain jurisdiction.

MARILYN KELLY, J., concurred.

WEAVER, P.J. *(concurring in part and dissenting in part).* While I concur in the affirmance of defendant's conviction, I dissent in part because I would not remand for resentencing.

The record shows that defendant was repeatedly given opportunities to comply with the lesser punishments imposed, but failed to do so. He twice

pleaded guilty of probation violation. A sentence constitutes an abuse of discretion if it violates the principle of proportionality. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). After a thorough review of the record, I conclude the sentence imposed is proportionate to the seriousness of the circumstances surrounding this offense and this offender. I would find no abuse of the sentencing court's discretion.