*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL EUGENE THUE,

        Defendant-Appellant.

FOR PUBLICATION
February 11, 2021
9:05 a.m.

No. 353978
Grand Traverse Circuit Court
LC No. 2020-035330-AR

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

CAVANAGH, P.J.

Defendant appeals by leave granted[1] the circuit court's order denying defendant's application for leave to appeal the district court's denial of his motion to allow him to use medical marijuana while on probation. We reverse the district court's order denying defendant's motion to modify the terms of his probation to allow him to use medical marijuana.

## I. FACTS

On June 25, 2019, defendant was involved in a road-rage incident for which he was charged with assault and battery, MCL 750.81. He ultimately pleaded guilty, and was sentenced to one year of probation. As a condition of probation defendant was not to use marijuana, including medical marijuana. Defendant filed a motion to modify the terms of his probation to allow him to use medical marijuana. The district court held a hearing on defendant's motion, during which defendant argued that a person authorized to use medical marijuana under the Michigan Medical Marijuana Act (MMMA), MCL 333.26421 *et seq*.,[2] is entitled to special protections, including

---

[1] See *People v Thue*, unpublished order of the Court of Appeals, entered September 29, 2020 (Docket No. 353978).

[2] Although the statutory provisions of the MMMA referenced herein use the spelling "marihuana," we use the conventional spelling "marijuana" in this opinion. See *People v Jones*, 301 Mich App 566, 568 n 1; 837 NW2d 7 (2013).

protection from arrest, prosecution, or penalty of any kind.[3] The prosecution argued that the district court had the ability to place restrictions on a defendant's medication. The district court denied defendant's motion to modify the terms of his probation, holding that it was bound by the "Circuit Court's decision on this issue," which apparently was consistent with a policy in the circuit court to not allow probationers to use medical marijuana. The district court stated that it had the authority to place restrictions on medication, and that the restriction was appropriate in this case.

Following the district court's decision, defendant filed an application for leave to appeal to the circuit court. Defendant argued that revoking his probation upon the use of medical marijuana would constitute the imposition of a "penalty" in violation of MCL 333.26424(a)[4] of the MMMA. Defendant also argued that MCL 333.26427(e) of the MMMA overrides the Michigan Probation Act, MCL 771.1 *et seq.*, prohibiting the imposition of such a condition. The circuit court denied leave to appeal and this appeal followed.

## II. MOOTNESS

On December 20, 2019, defendant was sentenced to one year of probation, which included the condition that defendant not use marijuana including medical marijuana. Thus, defendant's term of probation likely ended on December 20, 2020. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004). And generally a court will not decide moot issues. *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010). But if an "issue is one of public significance that is likely to recur, yet evade judicial review," it is justiciable. *Id.* (quotation marks and citation omitted). We conclude that such is the case here. As our Supreme Court in *People v Vanderpool*, 505 Mich 391, 397 n 1; 952 NW2d 414 (2020), explained: "the relatively short timelines involved in probation cases compared with the often sluggish pace of the appellate process might make this situation one that is capable of repetition, yet evading review." The issue whether a sentencing court can prohibit a defendant from using medical marijuana as a condition of probation, although the defendant possesses a valid medical marijuana registration card, is one of public significance that is likely to recur yet evade judicial review.

## III. ANALYSIS

### A. STANDARD OF REVIEW

A trial court's decision setting the terms of probation is reviewed for an abuse of discretion, which occurs only when the decision falls outside the principled range of outcomes. *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013).

"This Court reviews de novo whether the trial court properly interpreted and applied the Medical Marijuana Act." *People v Anderson (On Remand)*, 298 Mich App 10, 14-15; 825 NW2d

---

[3] There is no dispute that defendant had a valid medical marijuana registration card during all relevant times.

[4] In cases cited later in this opinion, MCL 333.26424(a) of the MMMA is occasionally referred to as "§ 4," and MCL 333.26427 is occasionally referred to as "§ 7."

641 (2012). "[T]he intent of the electors governs the interpretation of voter-initiated statutes such as the MMMA, just as the intent of the Legislature governs the interpretation of legislatively enacted statutes." *Ter Beek v Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). "The best evidence of that intent is the plain language used, and courts do not evaluate the wisdom of any statute or act. Statutes are read as a whole, and we give every word . . . meaning[.]" *People v Latz*, 318 Mich App 380, 383; 898 NW2d 229 (2016) (quotation marks and citations omitted; alteration in original). "If the statutory language is clear and unambiguous, the inquiry stops." *Id*. (quotation marks and citation omitted).

## B. MICHIGAN MEDICAL MARIJUANA LAW

The MMMA provides that "[t]he medical use of marijuana is allowed under state law to the extent that it is carried out in accordance with the provisions of this act," MCL 333.26427(a), and "[a]ll other acts and parts of acts inconsistent with this act do not apply to the medical use of marijuana as provided for by this act." MCL 333.26427(e). The immunity provision of the MMMA, MCL 333.26424(a), provides in pertinent part that "[a] qualifying patient who has been issued and possesses a registry identification card is not subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including, but not limited to, civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marijuana in accordance with this act . . . . "

It is an issue of first impression for this Court whether the revocation of probation upon the use of medical marijuana, contrary to a condition of probation, constitutes a "penalty" under § 4(a) of the MMMA, making it a violation of the MMMA. However, in several cases not involving conditions of probation, the Michigan Supreme Court and this Court have concluded that the MMMA preempts or supersedes ordinances and statutes that conflict with the MMMA.

In *Ter Beek*, for example, the city of Wyoming adopted a zoning ordinance that prohibited any uses contrary to federal, state, or local law. *Ter Beek*, 495 Mich at 6. And because the federal controlled substances act (CSA) considers marijuana an unlawful controlled substance, its use was prohibited in the city. *Id*. at 9. But the plaintiff, who lived in that city, possessed a medical marijuana registration card and sought to grow and use medical marijuana in his home in accordance with the MMMA. *Id*. at 6. The plaintiff sought a declaratory judgment that the ordinance was preempted by the MMMA because it penalized the plaintiff's use of medical marijuana contrary to § 4(a) of the MMMA. *Id*. at 6-7. Our Supreme Court agreed with the plaintiff, holding that § 4(a) of the MMMA—the immunity provision—was not preempted by the CSA, *id*. at 19, and to the extent the city's ordinance conflicted with § 4(a) of the MMMA, it was preempted, *id*. at 24. The Court noted that, although the MMMA does not define the term "penalty," the "term is commonly understood to mean a 'punishment imposed or incurred for a violation of law or rule . . . something forfeited.' " *Id*. at 20, quoting *Random House Webster's College Dictionary* (2000). And the ordinance impermissibly penalized qualifying patients for engaging in MMMA-compliant marijuana use by subjecting them to civil punishment; thus, it was preempted. *Ter Beek*, 495 Mich at 20-21.

In *People v Koon*, 494 Mich 1; 832 NW2d 724 (2013), our Supreme Court held that the MMMA supersedes MCL 257.625(8) of the Motor Vehicle Code, *id*. at 8-9, which "prohibits a person from driving with any amount of marijuana in his or her system." *Id*. at 5. The *Koon* Court

asserted that "[t]he immunity from prosecution provided under the MMMA to a registered patient who drives with indications of marijuana in his or her system but is not otherwise under the influence of marijuana inescapably conflicts with the Michigan Vehicle Code's prohibition against a person driving with any amount of marijuana in his or her system." *Id*. at 7. The Court noted:

> When the MMMA conflicts with another statute, the MMMA provides that "[a]ll other acts and parts of acts inconsistent with [the MMMA] do not apply to the medical use of marihuana. . . ." Consequently, the Michigan Vehicle Code's zero-tolerance provision, MCL 257.625(8), which is inconsistent with the MMMA, does not apply to the medical use of marijuana. [*Id*. at 7, quoting MCL 333.26427(e).]

Accordingly, the Court concluded, "the MMMA is inconsistent with, and therefore supersedes, MCL 257.625(8) unless a registered qualifying patient loses immunity because of his or her failure to act in accordance with the MMMA." *Koon*, 494 Mich at 8-9 (footnote omitted).

Similarly, in *Latz*, the defendant pleaded guilty to illegal transportation of marijuana, MCL 750.474, subject to his right to challenge the legality of that statute as conflicting with the MMMA. *Latz*, 318 Mich App at 382-383. The defendant possessed a valid medical marijuana registration card. *Id*. at 384 n 2. And the MMMA expressly defines the medical use of marijuana as including the transportation of marijuana. *Id*. at 387, quoting MCL 333.26423(h). This Court asserted that "if another statute is inconsistent with the MMMA such that it punishes the proper use of medical marijuana, the MMMA controls, and the person properly using medical marijuana is immune from punishment." *Id*. at 385. Thus, because MCL 750.474—which generally prohibits the transportation of marijuana in a motor vehicle unless it is enclosed in a case in the trunk or, if there is no trunk, in a case not readily accessible from the interior of the vehicle—impermissibly conflicts with the MMMA. *Id*. at 383-384, 387. MCL 750.474 "unambiguously seeks to place additional requirements on the transportation of medical marijuana beyond those imposed by the MMMA" and "subjects persons in compliance with the MMMA to prosecution despite that compliance." *Id*. at 387. Accordingly, the *Latz* Court concluded, MCL 750.474 is impermissible and an "MMMA-compliant medical-marijuana patient[] cannot be prosecuted for violating it." *Id*.

## C. MEDICAL MARIJUANA LAWS OF OTHER STATES

Other states that have similar medical marijuana laws have held that probation terms prohibiting the use of medical marijuana in compliance with medical marijuana laws are unenforceable and illegal under those laws. In *Reed-Kaliher v Hoggatt*, 237 Ariz 119; 347 P3d 136 (2015), for example, the defendant was a "registered qualifying patient" under ARS 36-2801 of the Arizona Medical Marijuana Act (AMMA). *Id*. at 121. While the defendant was on probation, his probation officer added a condition to his probation prohibiting him from using marijuana for any reason. *Id*. The defendant sought relief in the superior court of Arizona, arguing that the "AMMA's immunity provision, ARS § 36–2811(B), shield[ed] him from prosecution,

revocation of probation, or other punishment for his possession or use of medical marijuana."[5] *Id*. The Arizona superior court denied the defendant's motion.

Subsequently, the Arizona Supreme Court considered the AMMA's application to probationers, noting that "[b]ecause marijuana possession and use are otherwise illegal in Arizona, ARS § 13–3405(A), the drafters sought to ensure that those using marijuana pursuant to AMMA would not be penalized for such use." *Id*. at 122. The Court further stated that the "AMMA broadly immunizes qualified patients, carving out only narrow exceptions from its otherwise sweeping grant of immunity against 'penalty in *any* manner, or denial of *any* right or privilege.' " *Id*. And it was uncontested that the defendant was a registered qualifying patient. *Id*. Further, the Court noted, probation was a privilege, and its revocation was a penalty. *Id*. Thus, a probationary term that prohibited a qualified patient from using medical marijuana pursuant to the terms of the AMMA would constitute the denial of a privilege. *Id*. "Nor may a court impose such a condition or penalize a probationer by revoking probation for such AMMA-compliant use, as that action would constitute a punishment." *Id*.

The Arizona Supreme Court in *Reed-Kaliher* also considered the relationship between the AMMA and Arizona's probation act. The court noted that, when granting probation, a trial court only has the authority granted by Arizona's statutes, and "[i]n this case, an Arizona statute, AMMA, precludes the court from imposing any penalty for AMMA-compliant marijuana use." *Id*. The Court concluded further, that "[w]hile the State can and should include reasonable and necessary terms of probation, it cannot insert illegal ones." *Id*. at 122-123. The court acknowledged that the state has authority to "prohibit a wide range of behaviors, even those that are otherwise legal, such as drinking alcohol or being around children," but "it cannot impose a term that violates Arizona law." *Id*. at 123. Thus, the Arizona Supreme Court concluded, "any probation term that threatens to revoke probation for medical marijuana use that complies with the terms of AMMA is unenforceable and illegal under AMMA." *Id*.

Similarly, the appellate courts in Oregon have held that sentencing courts may not impose probation conditions that conflict with a defendant's rights under the Oregon Medical Marijuana Act (OMMA). See, e.g., *State v Miller*, 299 Or App 515, 516-517; 450 P3d 578 (2019); *State v Rhamy*, 294 Or App 784, 785; 431 P3d 103 (2018); *State v Bowden*, 292 Or App 815, 818-819; 425 P3d 475 (2018).

Likewise, in *Gass v 52nd Judicial Dist, Lebanon Co*, ___ Pa ___, ___; 232 A3d 706 (2020), the plaintiffs filed a class-action suit seeking declaratory and injunctive relief, challenging a judicial district's policy prohibiting all probationers from using medical marijuana regardless of whether they possess a medical marijuana card under the Pennsylvania Medical Marijuana Act (MMA). *Gass*, 232 A3d at 709. The plaintiffs argued that the judicial district's policy violated the immunity provision of the MMA, *id*. at 710, which provides that no such patient "shall be

---

[5] The *Reed-Kaliher* Court noted that, under ARS 36-2811(B), " '[a] registered qualifying patient . . . is not subject to arrest, prosecution or penalty in any manner, or denial of any right or privilege . . . [f]or . . . medical use of marijuana pursuant to [AMMA],' as long as the patient complies with statutory limits on quantity and location of marijuana use." *Reed-Kaliher*, 237 Ariz at 121, quoting ARS 36-2811(B).

subject to arrest, prosecution or penalty in any manner, or denied any right or privilege . . . solely for lawful use of medical marijuana . . . . " *Id*. at 708, quoting 35 PS 10231.2103(a). The court recognized that probation was a privilege and its revocation on account of lawful medical marijuana use could be considered a punishment or the denial of a privilege. *Gass*, 232 A3d at 713. Thus, the Pennsylvania Supreme Court held, the judicial district's policy "fails to afford sufficient recognition to the status of a probationer holding a valid medical marijuana card as a patient, entitled to immunity from punishment, or the denial of any privilege, solely for lawful use." *Id*. at 715. Accordingly, the court granted the petition for declaratory and injunctive relief on the ground that the judicial district's policy was contrary to the immunity accorded by the MMA and could not be enforced. *Id*.

## D. APPLICATION

We conclude that provisions of the Michigan Probation Act that allow a court to prohibit a probationer's MMMA-compliant use of marijuana impermissibly conflict with MCL 333.26427(a) and (e) of the MMMA and are unenforceable. Further, the revocation of probation upon the MMMA-compliant use of marijuana constitutes a "penalty" in violation of MCL 333.26424(a) of the MMMA.

We first address MCL 333.26427(a) and (e) of the MMMA. There is no dispute that defendant had a medical marijuana registration card. There is no indication that defendant used marijuana in violation of the MMMA. Thus, defendant was authorized to use medical marijuana under MCL 333.26427(a). Further, as illustrated by the plain language of MCL 333.26427(a) and (e), as well as the holdings in *Ter Beek*, *Koon*, and *Latz*, a statute or provision of a statute that conflicts with a defendant's right to MMMA-compliant use of marijuana is preempted or superseded by the MMMA. The Michigan Probation Act permits a court to impose multiple conditions of probation on a defendant under MCL 771.3. However, provisions of the probation act that are inconsistent with the MMMA do not apply to the medical use of marijuana. In other words, a condition of probation prohibiting the use of medical marijuana that is otherwise used in accordance with the MMMA is directly in conflict with the MMMA and is impermissible.

We also conclude that the revocation of probation upon the MMMA-compliant use of marijuana constitutes a "penalty" under MCL 333.26424(a) of the MMMA. The MMMA is substantially similar to the medical marijuana acts adopted in other states, including those discussed here, and immunizes persons from being subject to a penalty of any kind for the lawful use of medical marijuana. And like other states, Michigan has also recognized probation as a privilege. See e.g., *People v Terminelli*, 68 Mich App 635, 637; 243 NW2d 703 (1976) (stating that "probation is a privilege, the granting of which rests within the discretion of the trial court"). See also *People v Breeding*, 284 Mich App 471, 479-480; 772 NW2d 810 (2009) ("Probation is a matter of grace, not of right, and the trial court has broad discretion in determining the conditions to impose as part of probation."); *People v Johnson*, 210 Mich App 630, 633; 534 NW2d 255 (1995) ("A sentence of probation is an alternative to confining a defendant in jail or prison and is granted as a matter of grace in lieu of incarceration."). Because probation is a privilege, the revocation of probation is a penalty or the denial of a privilege. Under MCL 333.26424(a) a person is protected from penalty in any manner, or denial of any right or privilege, for the lawful use of medical marijuana. Therefore, a court cannot revoke probation upon the use of medical marijuana that otherwise complies with the terms of the MMMA. "We note, however, that the MMMA is

inapplicable to the recreational use of marijuana, and thus, a trial court may still impose probation conditions related to the recreational use of marijuana and revoke probation for such recreational use, as well as for marijuana use in violation of the MMMA." Accordingly, the district court erred in prohibiting defendant from MMMA-compliant marijuana use as a term of his probation and defendant's motion to modify the terms of his probation to allow him to use medical marijuana should have been granted.

Defendant also argues that the court's limitation on his right to use medical marijuana as a term of probation violates his due process rights. However, when possible this Court "must interpret statutes to avoid constitutional issues." *People v Anderson*, 330 Mich App 189, 198 n 5; 946 NW2d 825 (2019). In light our resolution of this matter we need not address defendant's constitutional issues.

Reversed. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron