PEOPLE v KOON

Docket No. 301443. Submitted February 8, 2012, at Grand Rapids. Decided April 17, 2012, at 9:05 a.m. Reversed, 493 Mich ___.

Rodney Lee Koon was charged in the 86th District Court with operating a motor vehicle with any amount of a schedule 1 controlled substance in his body in violation of MCL 257.625(8). When defendant was stopped for speeding, he informed the police officer that he had a medical marijuana registry card and admitted that he had smoked marijuana five to six hours earlier. A blood test showed that defendant had active tetrahydrocannabinol in his bloodstream when operating the vehicle. The court, Thomas J. Phillips, J., concluded that defendant's registration under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, protected him from prosecution under MCL 257.625(8) unless the prosecution was able to prove that defendant was actually impaired by the presence of marijuana in his body. The Grand Traverse Circuit Court, Philip E. Rodgers, Jr., J., affirmed the ruling, concluding that the MMMA superseded the zero-tolerance provision of MCL 257.625(8). The prosecution appealed by leave granted.

The Court of Appeals *held*:

An initiative law such as the MMMA is analyzed to ascertain and effectuate the intent of the people. It is presumed that the people meant what the statute plainly expresses, and all words are given their ordinary and customary meaning. Even though a registered qualifying patient may possess and use marijuana to treat or alleviate a debilitating medical condition or its symptoms, MCL 333.26424(a) and (e), marijuana is still classified as a schedule 1 controlled substance under MCL 333.7212(1)(c). The circuit court erred by concluding that defendant's registration under the MMMA protected him from being charged with a violation of MCL 257.625(8). The MMMA expressly prohibits a registered individual from operating a motor vehicle while under the influence of marijuana, MCL 333.26427(b)(4). The MMMA does not grant a registered medical-marijuana user the right to internally possess marijuana under any circumstances, that is, have the substance in his or her body. Rather, it provides a

procedure under which ill individuals are able to use marijuana for its palliative effect without fear of arrest and prosecution for that use. The MMMA does not define the term "under the influence of marijuana," but MCL 257.625(8) provides that under the Michigan Vehicle Code, a person is under the influence of marijuana if he or she has any amount of marijuana in his or her body. There was no clear legislative intent in the MMMA to repeal MCL 257.625(8) by implication as applied to marijuana. The definition does not conflict with the MMMA because the MMMA expressly prohibits the operation of a vehicle while under the influence of marijuana, as well as other circumstances under which medical use of marijuana is not permitted. Thus, the MMMA does not provide a protection from prosecution for violating MCL 257.625(8).

Reversed and remanded.

CONTROLLED SUBSTANCES — MARIJUANA — MEDICAL MARIJUANA — OPERATING A VEHICLE WITH ANY AMOUNT OF A CONTROLLED SUBSTANCE IN THE DRIVER'S BODY.

The Michigan Medical Marihuana Act (MMMA), MCL 333.26421, *et seq.*, which permits the medical use of marijuana by certain persons registered under the act, does not provide protection to registered uses from prosecution for a violation of MCL 257.625(8), the provision of the Michigan Vehicle Code that prohibits a person from operating a vehicle with any amount of a schedule 1 controlled substance, such as marijuana, in his or her body.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Alan Schneider*, Prosecuting Attorney, and *Jennifer Tang-Anderson*, Assistant Prosecuting Attorney, for the people.

*James Hunt* for defendant.

Amici Curiae:

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Joel McGormley* and *Linus Banghart-Linn*, Assistant Attorneys General, for the Attorney General.

*Larry J. Burdick* and *William J. Vailliencourt, Jr.*, for the Prosecuting Attorneys Association of Michigan.

Before: SAWYER, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

SAWYER, P.J. This case presents the question whether the "zero tolerance" provision of MCL 257.625(8), which prohibits operating a motor vehicle with any amount of a schedule 1 controlled substance in the driver's body, still applies if the driver used marijuana under the Michigan Medical Marihuana Act (MMMA).[1] We conclude that it does.

Defendant was pulled over for speeding 83 miles an hour in a 55-mile-an-hour zone. The arresting officer smelled intoxicants, and defendant admitted having consumed one beer sometime within the last couple of hours. Defendant consented to a pat-down of his person, voluntarily removed a pipe, and explained that he had a medical marijuana registry card and had last smoked marijuana five to six hours earlier. A blood test showed that defendant had active tetrahydrocannabinol in his system. Defendant was charged with operating a motor vehicle with a schedule 1 controlled substance in his body[2] under the "zero tolerance" law. The district court concluded that the MMMA protected defendant from prosecution under MCL 257.625(8), unless the prosecution could prove that defendant was actually impaired by the presence of marijuana in his body. The circuit court affirmed and concluded that the MMMA supersedes the zero-tolerance law. The prosecution now appeals by leave granted.

---

[1] MCL 333.26421 *et seq.* Although the statute refers to "marihuana," this Court uses the more common spelling "marijuana" in its opinions except in quotations.

[2] MCL 257.625(8).

This question can be resolved by looking to the pertinent statutory provisions and considering the basic rules of statutory construction. Like the interpretation of other statutes, our duty when analyzing an initiative law is to ascertain and effectuate the intent of the people. We presume that the people meant what the statute plainly expresses and give all words their ordinary and customary meaning as the voters would have understood them.[3]

MCL 257.625(8) provides:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has in his or her body any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code, 1978 PA 368, MCL 333.7212, or a rule promulgated under that section, or of a controlled substance described in section 7214(a)(iv) of the public health code, 1978 PA 368, MCL 333.7214.

Under MCL 333.7212(1)(c), marijuana remains a schedule 1 controlled substance despite the passage of the MMMA.

Turning to the MMMA, MCL 333.26424(a) states in relevant part:

> A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including but not limited to civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana . . . .

---

[3] *People v Redden*, 290 Mich App 65, 76; 799 NW2d 184 (2010).

MCL 333.26423(e) defines "medical use" of marijuana as

> the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marihuana or paraphernalia relating to the administration of marihuana to treat or alleviate a registered qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition.

The MMMA also recognizes a number of circumstances under which the medical use of marijuana is not permitted. One of those exceptions specifically states that the protections will not apply to operating a motor vehicle while under the influence of marijuana.[4] Thus, while the MMMA permits the medical use of marijuana, it recognizes that marijuana use is inconsistent with engaging in some activities at the same time as the use of the marijuana. This is certainly not an irrational provision. For example, it is not uncommon for a medication, whether prescription or over-the-counter, to be accompanied by a warning not to drive while using the medication. The problem that develops in this case is that, while MCL 333.26423 defines a number of terms used in the MMMA, it does not define the phrase "under the influence of marijuana."

What we are left with is the MMMA, which affords a certain degree of immunity from prosecution for possession or use of marijuana for a medical purpose, and the Michigan Vehicle Code, which prohibits operating a motor vehicle while there is any amount of marijuana in the driver's system. These two provisions are not in conflict. The MMMA or the Legislature could have rescheduled marijuana to one of the other schedules, but they did not. Therefore, marijuana remains a schedule 1 controlled substance. Furthermore, while the

---

[4] MCL 333.26427(b)(4).

MMMA does not provide a definition of "under the influence of marijuana," MCL 257.625(8) essentially does, establishing that any amount of a schedule 1 controlled substance, including marijuana, sufficiently influences a person's driving ability to the extent that the person should not be permitted to drive.

In order to conclude that the MMMA authorizes the operation of a motor vehicle with some marijuana in the driver's system, we would have to supply a definition of "under the influence of marihuana" in MCL 333.26427(b)(4) that conflicts with the provisions of MCL 257.625(8). To do so, we would have to conclude that the MMMA repealed MCL 257.625(8) by implication as applied to marijuana. But it is well established that repeal by implication is disfavored.[5] To do so, there must be a clear legislative intent to repeal, and there must not be another reasonable construction.[6]

In this case, there is a reasonable construction. The Legislature has determined that it is illegal to operate a motor vehicle with any amount of marijuana in the driver's system. MCL 257.625(8). This does not conflict with the MMMA because not only does the MMMA not extend its protections of the medical use of marijuana to operating a motor vehicle while under the influence of marijuana, it also recognizes other circumstances in which the medical use of marijuana is not permitted by the MMMA. For example, medical use of marijuana is not permitted on a school bus,[7] and the MMMA does not permit smoking marijuana, even for medical use, on public transportation.[8]

---

[5] *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569, 576; 548 NW2d 900 (1996).

[6] *Id.*

[7] MCL 333.26427(b)(2)(A).

[8] MCL 333.26427(b)(3)(A).

Indeed, this points out one of the flaws in the argument that defendant has the right to "internally possess" marijuana while driving. While the MMMA does include the term "internal possession" within its definition of "medical use,"[9] that does not equate with a right to internally possess marijuana under any circumstances. As noted, the MMMA specifically does not permit any medical use of marijuana on a school bus, which presumably includes even internal possession. Similarly, under other circumstances, some, but not all, types of medical use of marijuana are permitted, for example, on public transportation, where one can presumably internally possess it, but not smoke it.

Furthermore, the MMMA does not codify a *right* to use marijuana; instead, it merely provides a procedure through which seriously ill individuals using marijuana for its palliative effects can be identified and protected from prosecution under state law. Although these individuals are still violating the law by using marijuana, the MMMA sets forth particular circumstances under which they will not be arrested or otherwise prosecuted for their lawbreaking.[10] In other words, the act grants immunity from arrest and prosecution, rather than the granting of a right. Thus, contrary to defendant's claim, he does not have a blanket right to internally possess medical marijuana.[11]

---

[9] MCL 333.26424(e).

[10] See *People v King*, 291 Mich App 503, 507-509; 804 NW2d 911 (2011), lv gtd 489 Mich 957; see also *Casias v Wal-Mart Stores, Inc*, 764 F Supp 2d 914, 922 (WD Mich, 2011).

[11] Defendant contends that the MMMA grants him the "right" to "internally possess" marijuana and, therefore, as long as he does not break any other laws, he can go about his day-to-day activities, including operating a motor vehicle. Defendant further argues that as long as the marijuana does not affect his ability to operate a motor vehicle, he is immune from prosecution. Like most individuals, defendant miscon-

The point is that the MMMA does not permit all types of medical use of marijuana under all circumstances. Rather, there are circumstances under which some uses are permitted and others under which no use is permitted. If the drafters of the MMMA had wanted to include immunity for the operation of a motor vehicle in MCL 333.26424, the act would have explicitly granted immunity either in MCL 333.26424(a) or in MCL 333.26423(e). It does not. Indeed, MCL 333.26427(b)(4) explicitly prohibits the operation of a motor vehicle while under the influence of marijuana. And in the Michigan Vehicle Code, MCL 257.625(8), the Legislature has provided a definition of what constitutes being under the influence of marijuana: the presence of any amount of marijuana in the person's body, that is to say, while "internally possessing" it.

The MMMA does not provide a protection from prosecution for violating MCL 257.625(8). Driving is a particularly dangerous activity; schedule 1 substances are considered particularly inimical to a driver's ability to remain in maximally safe control of the vehicles, and the danger of failing to do so affects not only the driver, but anyone else in the vicinity.

For these reasons, defendant was properly charged with a violation of MCL 257.625(8), and CJI2d 15.3a

strues the MMMA. The MMMA does not codify a *right* to use marijuana, nor does it grant any citizen the "right" to use or possess marijuana. While this may seem strange to anyone who has encountered the act, it is the process set up by what many have referred to as an inartfully drafted act. What the MMMA did is set up a process by which certain individuals cannot be arrested or prosecuted for their lawbreaking. These protections, or immunities from lawbreaking, are very limited in scope. In essence, defendant is asking this Court to extend these protections to other activities, such as operating a motor vehicle, a boat, or an airplane. We respectfully decline; it is the Legislature's job to expand the law, not the Court's responsibility.

(operating a vehicle with any amount of a schedule 1 or 2 controlled substance in driver's body) may be given at any trial in this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

O'CONNELL and RONAYNE KRAUSE, JJ., concurred with SAWYER, P.J.