# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

PEOPLE v KOON

Docket No. 145259. Decided May 21, 2013.

Rodney Lee Koon was charged in the 86th District Court with operating a motor vehicle with any amount of a schedule 1 controlled substance in his body in violation of MCL 257.625(8). When defendant was stopped for speeding, he informed the police officer that he had a medical marijuana registry card and admitted that he had smoked marijuana five to six hours earlier. A blood test showed that defendant had tetrahydrocannabinol (THC), the physiologically active component of marijuana, in his bloodstream when operating the vehicle. The court, Thomas J. Phillips, J., concluded that defendant's registration under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, protected him from prosecution under MCL 257.625(8) unless the prosecution was able to prove that defendant was actually impaired by the presence of marijuana in his body. The Grand Traverse Circuit Court, Philip E. Rodgers, Jr., J., affirmed that ruling, concluding that the MMMA superseded the zero-tolerance provision of MCL 257.625(8). The prosecution appealed by leave granted. The Court of Appeals, SAWYER, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ., reversed, noting that the MMMA prohibits registered medical marijuana patients from operating a motor vehicle while under the influence of marijuana and reasoning that under MCL 257.625(8) a person is under the influence of marijuana if he or she has any amount of marijuana in his or her body. 296 Mich App 223 (2012). Defendant sought leave to appeal.

In a unanimous opinion per curiam, the Supreme Court, in lieu of granting leave to appeal and without oral argument, *held*:

Under the MMMA, a qualifying registered patient is not subject to arrest, prosecution, or penalty for the medical use of marijuana in accordance with the act, provided that the patient possesses an amount of usable marijuana that does not exceed 2.5 ounces. The statutory definition of "medical use" includes internal possession. Therefore, the MMMA shields registered patients from prosecution for the internal possession of marijuana, provided that the patient does not otherwise possess more than 2.5 ounces of usable marijuana. MCL 333.26427(b), however, provides a list of activities that are not protected by the MMMA, which includes driving while under the influence. Engaging in those activities removes a registered patient from the MMMA's protection because the patient is no longer acting in accordance with the MMMA. The MMMA does not define what it means to be "under the influence," but the phrase clearly contemplates something more than having any amount of marijuana in one's system and requires some effect on the person. Thus, the MMMA's protections extend to a

registered patient who internally possesses marijuana while operating a vehicle unless the patient is under the influence of marijuana. The immunity from prosecution provided under the MMMA to a registered patient who drives with indications of marijuana in his or her system but is not otherwise under the influence of marijuana inescapably conflicts with MCL 257.625(8), which prohibits a person from driving with any amount of marijuana in her or system. Under the MMMA, all other acts and parts of acts inconsistent with the MMMA do not apply to the medical use of marijuana. Consequently, MCL 257.625(8) does not apply to the medical use of marijuana. The Court of Appeals incorrectly concluded that defendant could be convicted under MCL 257.625(8) without proof that he had acted in violation of the MMMA by operating a motor vehicle while under the influence of marijuana.

Judgment of the Court of Appeals reversed, judgment of the Grand Traverse Circuit Court reinstated, and case remanded to the district court for further proceedings.

©2013 State of Michigan

# Opinion

Chief Justice:          Justices:

Robert P. Young, Jr.    Michael F. Cavanagh
                        Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano

FILED MAY 21, 2013

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v            No. 145259

RODNEY LEE KOON,

   Defendant-Appellant.

PER CURIAM.

  The Michigan Medical Marihuana Act (MMMA)[1] prohibits the prosecution of registered patients who internally possess marijuana, but the act does not protect registered patients who operate a vehicle while "under the influence" of marijuana. The Michigan Vehicle Code[2] prohibits a person from driving with any amount of a schedule 1 controlled substance, a list that includes marijuana, in his or her system. This case requires us to decide whether the MMMA's protection supersedes the Michigan Vehicle

_____

[1] MCL 333.26421 *et seq.*

[2] MCL 257.1 *et seq.*

Code's prohibition and allows a registered patient to drive when he or she has indications of marijuana in his or her system but is not otherwise under the influence of marijuana. We conclude that it does. Accordingly, in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, reinstate the judgment of the Grand Traverse Circuit Court, and remand this case to the 86th District Court for further proceedings not inconsistent with this opinion.

Defendant, Rodney Lee Koon, was stopped for speeding in Grand Traverse County. During the traffic stop, defendant voluntarily produced a marijuana pipe and informed the arresting officer that he was a registered patient under the MMMA and was permitted to possess marijuana. A blood test to which defendant voluntarily submitted several hours later revealed that his blood had a THC[3] content of 10 nanograms per milliliter (ng/ml).

The prosecution charged defendant with operating a motor vehicle with the presence of a schedule 1 controlled substance in his body under MCL 257.625(8). The prosecution sought a jury instruction that the presence of marijuana in defendant's system resulted in a per se violation of the Michigan Vehicle Code. Defendant argued that the zero-tolerance provision could not possibly apply to MMMA registered patients because the MMMA prevents the prosecution of registered patients for the medical use of marijuana, including internal possession,[4] and only withdraws its protection when the

---

[3] Tetrahydrocannabinol, or THC, is the physiologically active component of marijuana. See *Stedman's Medical Dictionary* (26th ed), p 1791.

[4] MCL 333.26423(f); MCL 333.26424(a).

2

patient drives while "under the influence" of marijuana.[5] Moreover, the MMMA resolves conflicts between all other acts and the MMMA by exempting the medical use of marijuana from the application of any inconsistent act.[6]

The district court and circuit court agreed with defendant. Both courts concluded that the MMMA's prohibition against driving while under the influence of marijuana was inconsistent with the Michigan Vehicle Code's zero-tolerance provision, that the MMMA superseded the zero-tolerance provision, and that defendant was protected from prosecution unless the prosecution could prove that he was impaired by the presence of marijuana in his body. The Court of Appeals reversed,[7] reasoning that the MMMA yielded to the Legislature's determination, as set forth in MCL 257.625(8), that it is unsafe for a person to drive with *any* marijuana in his or her system. The Court of Appeals explained that

> while the MMMA does not provide a definition of "under the influence of marijuana," MCL 257.625(8) essentially does, establishing that any amount of a schedule 1 controlled substance, including marijuana, sufficiently influences a person's driving ability to the extent that the person should not be permitted to drive.[8]

Thus, the Court of Appeals determined that the MMMA permitted defendant's prosecution under the zero-tolerance statute even though he possessed a valid medical marijuana registration card. We now reverse.

---

[5] MCL 333.26427(b)(4).

[6] MCL 333.26427(e).

[7] *People v Koon*, 296 Mich App 223; 818 NW2d 473 (2012).

[8] *Id*. at 227-228.

The statute under which the prosecution charged defendant prohibits a person from driving with any amount of marijuana in his or her system:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has in his or her body any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code, 1978 PA 368, MCL 333.7212, or a rule promulgated under that section, or of a controlled substance described in section 7214(a)(*iv*) of the public health code, 1978 PA 368, MCL 333.7214.[9]

Despite the MMMA's enactment, marijuana remains a schedule 1 controlled substance.[10]

The MMMA, rather than legalizing marijuana, functions by providing registered patients with immunity from prosecution for the medical use of marijuana:

> A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner . . . for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana . . . .[11]

The statutory definition of "medical use" includes "internal possession."[12]  Therefore, the MMMA shields registered patients from prosecution for the internal possession of marijuana, provided that the patient does not otherwise possess more than 2.5 ounces of usable marijuana.

---

[9] MCL 257.625(8).

[10] MCL 333.7212(1)(c).

[11] MCL 333.26424(a).

[12] MCL 333.26423(f).

But the MMMA does not provide carte blanche to registered patients in their use of marijuana. Indeed, MCL 333.26427(b) provides a list of activities that are not protected by the MMMA. Engaging in one of those activities removes a registered patient from the MMMA's protection because he or she is no longer acting in accordance with the MMMA.[13] One prohibited activity is driving while under the influence of marijuana:

> This act shall not permit any person to do any of the following:
>
> * * *
>
> (4) Operate, navigate, or be in actual physical control of any motor vehicle, aircraft, or motorboat while under the influence of marihuana.

The MMMA, however, does not define what it means to be "under the influence" of marijuana. While we need not set exact parameters of when a person is "under the influence," we conclude that it contemplates something more than having any amount of marijuana in one's system and requires some effect on the person.[14] Thus, taking the MMMA's provisions together, the act's protections extend to a registered patient who internally possesses marijuana while operating a vehicle unless the patient *is* under the

---

[13] See MCL 333.26427(a).

[14] Significantly, "under the influence" is a term of art used in other provisions of the Michigan Vehicle Code. See, e.g., MCL 257.625(1)(a) (stating that a person is "operating while intoxicated" if he or she is "under the influence of . . . a controlled substance . . ."). See also *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975) (concluding that an acceptable jury instruction for "driving under the influence of intoxicating liquor" included requiring proof that the person's ability to drive was "substantially and materially affected"); Black's Law Dictionary (9th ed), p 1665 (defining "under the influence" as "deprived of clearness of mind and self-control because of drugs or alcohol").

5

influence of marijuana. In contrast, the Michigan Vehicle Code's zero-tolerance provision prohibits the operation of a motor vehicle by a driver with an infinitesimal amount of marijuana in his or her system even if the infinitesimal amount of marijuana has no influence on the driver.

The immunity from prosecution provided under the MMMA to a registered patient who drives with indications of marijuana in his or her system but is not otherwise under the influence of marijuana inescapably conflicts with the Michigan Vehicle Code's prohibition against a person driving with any amount of marijuana in his or her system. When the MMMA conflicts with another statute, the MMMA provides that "[a]ll other acts and parts of acts inconsistent with [the MMMA] do not apply to the medical use of marihuana . . . ."[15] Consequently, the Michigan Vehicle Code's zero-tolerance provision, MCL 257.625(8), which is inconsistent with the MMMA, does not apply to the medical use of marijuana. The Court of Appeals incorrectly concluded that defendant could be convicted under MCL 257.625(8) without proof that he had acted in violation of the MMMA by "operat[ing] . . . [a] motor vehicle . . . while under the influence" of marijuana.[16] If defendant is shown to have been under the influence of marijuana, then the MMMA's protections will not apply, and the prosecution may seek to convict defendant under any statute of which he was in violation, including MCL 257.625(8).[17]

---

[15] MCL 333.26427(e).

[16] MCL 333.26427(b)(4).

[17] Indeed, if defendant is subsequently shown at trial to have been under the influence of marijuana, he would also necessarily have been in violation of MCL 257.625(1), which prohibits a person from operating a vehicle while intoxicated and defines "operating while intoxicated" as operating a vehicle while "under the influence of . . . a controlled

It goes almost without saying that the MMMA is an imperfect statute, the interpretation of which has repeatedly required this Court's intervention.[18] Indeed, this case could have been easily resolved if the MMMA had provided a definition of "under the influence."[19] As the Legislature contemplates amendments to the MMMA, and to the extent it wishes to clarify the specific circumstances under which a registered patient is per se "under the influence" of marijuana, it might consider adopting a "legal limit," like that applicable to alcohol,[20] establishing when a registered patient is outside the MMMA's protection.[21]

In sum, we conclude that the MMMA is inconsistent with, and therefore supersedes, MCL 257.625(8) unless a registered qualifying patient loses immunity because of his or her failure to act in accordance with the MMMA.[22] Accordingly, in lieu

substance . . . ."

[18] See, e.g., *People v Kolanek*, 491 Mich 382; 817 NW2d 528 (2012); *People v Bylsma*, 493 Mich 17; 825 NW2d 543 (2012); *Michigan v McQueen*, 493 Mich 135; 828 NW2d 644 (2013).

[19] Presently, under the Michigan Vehicle Code, whether a person was under the influence at the time of a violation is a question for the finder of fact. See MCL 257.625(18) (requiring a written finding from the jury or a finding from the court when the defendant is convicted without a jury regarding whether the person was "under the influence of a controlled substance").

[20] See MCL 257.625(1)(b) (establishing 0.08 grams of alcohol per 100 milliliters of blood as the legal limit).

[21] For example, Washington has set a legal limit for the blood concentration of THC at 5 ng/ml. See Wash Rev Code 46.61.502(1)(b). Notably, defendant's THC level was 10 ng/ml.

[22] While neither party raised the issue, we conclude that the MMMA's enactment without republishing MCL 257.625(8) did not run afoul of Const 1963, art 4, § 25, which states

of granting leave to appeal, we reverse the judgment of the Court of Appeals, reinstate the judgment of the Grand Traverse Circuit Court, and remand this case to the 86th District Court for further proceedings not inconsistent with this opinion.

Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

---

that "[n]o law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length." Assuming, without deciding, that this provision applies to voter-initiated laws, we conclude that the MMMA is an "act complete in itself" and, therefore, falls within a well-settled exception to Const 1963, art 4, § 25. *People ex rel Drake v Mahaney*, 13 Mich 481, 497 (1865) ("But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent."). See also *In re Constitutionality of 1972 PA 294*, 389 Mich 441, 477; 208 NW2d 469 (1973) (concluding that the no-fault insurance act was an act complete in itself and, thus, did not violate Const 1963, art 4, § 25, though it affected provisions that were not republished).