# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

EARL CANTRELL CARRUTHERS,

       Defendant-Appellee.

UNPUBLISHED
December 15, 2015

No. 319991
Oakland Circuit Court
LC No. 2013-245268-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

RYAN TINSLEY CARRUTHERS,

       Defendant-Appellee.

No. 319992
Oakland Circuit Court
LC No. 2013-245250-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

DERRICK SHOMARI HOLOMAN,

       Defendant-Appellee.

No. 319993
Oakland Circuit Court
LC No. 2013-245247-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

VERTRECE LEO SHEPARD WELLS,

No. 319994
Oakland Circuit Court
LC No. 2013-245261-FH

-1-

Defendant-Appellee.

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v                                                                    No. 319995
                                                                     Oakland Circuit Court
DEONTE PIERRE ARNOLD,                                                LC No. 2013-245248-FH

Defendant-Appellee.

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v                                                                    No. 319996
                                                                     Oakland Circuit Court
SHERALYN MEDIANTE GEER,                                              LC No. 2013-245249-FH

Defendant-Appellee.

---

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

M. J. KELLY, J. (*concurring*).

I concur fully with the lead opinion. I write separately, however, to clarify two points: I do not understand the majority opinion to foreclose the possibility that a defendant might be able to establish a defense of entrapment even though that person does not have any direct interaction with a police officer, see *People v Matthews*, 143 Mich App 45; 371 NW2d 887 (1985); I also do not understand the majority opinion to foreclose the possibility that an otherwise law-abiding person might be induced to commit a crime by an officer's efforts to convince the person that he or she would be immune from prosecution.

Here, the undisputed evidence showed that defendants were engaged in criminal conduct involving marijuana before any officer became involved. See *Ter Beek v City of Wyoming*, 495 Mich 1, 15; 846 NW2d 531 (2014) (noting that the possession, manufacture, and delivery of marijuana remains illegal in this state). They may have done so under the mistaken belief that they would be immune from prosecution, but they nevertheless engaged in criminal acts. See *People v Koon*, 494 Mich 1, 5; 832 NW2d 724 (2013) (stating that the Medical Marijuana Act provides immunity from prosecution for otherwise criminal acts). Because the evidence showed that the officer did not induce defendants—directly or indirectly—to engage in criminal conduct by convincing them that they would be immune from prosecution, but instead merely complied

-2-

with defendants' existing scheme for the unlawful sale and delivery of marijuana, this case does not rise to the level of entrapment. See *People v Johnson*, 466 Mich 491, 498; 647 NW2d 480 (2002).

/s/ Michael J. Kelly