*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CODY LAWRENCE WILLETT,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2021

No. 348942
Kent Circuit Court
LC No. 18-002163-FH

Before: BECKERING, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his sentence following a no-contest plea conviction of operating a motor vehicle with the presence of any amount of a schedule 1 controlled substance in his body, causing death, MCL 257.625(4)(a) and (8). The trial court sentenced defendant to 4 to 15 years' imprisonment. On appeal, defendant argues that he was sentenced on the basis of inaccurate information. We agree and remand for resentencing.

## I. BACKGROUND

This case stems from a fatal motor vehicle accident on January 2, 2018. Defendant remained at the scene and spoke to the police immediately after the crash. He was asked about use of intoxicants and defendant explained that he had not consumed any alcohol or drugs that day, but that at 5:30 p.m. the *previous* day he had smoked one or two puffs of marijuana after which he had gone to bed at 9:30 p.m., awakened at 5:30 a.m. and went to work in Grand Haven.[2] The accident occurred at about 3:30 p.m. on his drive home from work. Defendant told the police

---

[1] We denied defendant's application for leave to appeal. *People v Willett*, unpublished order of the Court of Appeals, entered July 9, 2019 (Docket No. 348942). He then sought leave to appeal in the Supreme Court and, in lieu of granting leave to appeal, the Court remanded to us for consideration as on leave granted. *People v Willett*, 505 Mich 964 (2020).

[2] Defendant was an apprentice electrician and the job he was working on at the time was in Grand Haven.

at the scene that he became sleepy on the drive home and felt his eyes close; when he opened his eyes, he saw a red light and cars ahead of him. He was unable to stop or avoid the vehicles and caused a multi-vehicle accident, resulting in the death of an occupant of one of the vehicles.

According to the police report, field sobriety tests were either not performed or did not indicate intoxication. And no marijuana or drug paraphernalia was found on defendant's person or in his car. He was reported by an officer to be emotional but speaking clearly. No evidence of intoxication is presented in the police report. At the scene, defendant consented to a breath test which showed a blood alcohol level of zero. He also consented to a blood draw, which showed that his blood contained one nanogram per milliliter of THC.[3]

Defendant was charged under MCL 257.625(4) for operation of a motor vehicle causing death while also violating either MCL 257.625(1), (3), or (8). Significant to the issue presented, the underlying basis for defendant's conviction was not MCL 257.625(1)(a), which makes it a crime to drive while "under the influence of . . . a controlled substance . . . ." Instead, he was convicted on the basis of MCL 257.625(8), which makes it a crime to "operate a vehicle . . . if the person has in his or her body any amount of a controlled substance listed in schedule 1 . . . ." Defendant's plea was therefore not an admission that he had been under the influence and, given the nature of the charge, it appears that the prosecution concluded that it could not prove that defendant had been under the influence at the time of the accident.

At the sentencing hearing held on October 25, 2018, defendant expressed remorse for the pain his actions had caused, and the victim's family expressed both its loss and its forgiveness of defendant. The trial court questioned defendant about his marijuana use. Defendant, then 21 years old, confirmed that he started using marijuana at 15 or 16 years old and that he had been using marijuana daily on the dates preceding the accident. The court asked defendant, "And you don't have any idea how long it lasts in your system and affects your functioning?" Defendant answered, "A couple of hours," and agreed with the court that his estimation was not based on science but rather his personal experience. Before declaring defendant's sentence, the court stated, "The point simply is, on January 2nd, your use of this drug under these circumstances created the horror that you've described."

In April 2019, defendant filed a motion to correct an invalid sentence. He argued that he was sentenced on inaccurate information because the record did not support the trial court's assertion that his marijuana use caused or "created" the accident. Specifically, there was no evidence in the record that the one nanogram per milliliter of THC that was found in defendant's blood impaired defendant or caused the accident. Defendant also noted that shortly after he was sentenced, Michigan voters approved the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*., which legalized internal possession of marijuana, see MCL 333.27955(a), but did not authorize operating a motor vehicle while "under the influence" of marijuana, MCL 333.27954(a). Defendant asked the court to consider that while MCL 257.625(8),

---

[3] "Tetrahydrocannabinol, or THC, is the physiologically active component of marijuana. See *Stedman's Medical Dictionary* (26th ed), p 1791." *People v Koon*, 494 Mich 1, 3 n 3; 832 NW2d 724 (2013).

known as the zero-tolerance provision, essentially imposed "strict liability" at the time of the offense, under the MRTMA the prosecutor would have been required to show that defendant had been under the influence of marijuana at the time of the accident.[4] The prosecution filed a brief in response, arguing that the trial court made a reasonable inference from the record that defendant was under the influence of marijuana at the time of the offense and that the MRTMA was irrelevant to the validity of defendant's sentence.

Between sentencing and the filing of defendant's motion, the original trial court judge retired and the motion was heard by the successor judge. After hearing oral argument, the successor judge denied defendant's motion, concluding that the sentencing judge reasonably drew inferences from the record that defendant was under the influence of marijuana at the time of the crash. The successor judge also indicated that the sentencing judge's comments about marijuana were not directed at defendant specifically but as a general "condemnation of marijuana and smoking marijuana." Defendant now appeals.

## II. ANALYSIS

Defendant argues that his sentence was based on inaccurate information because the trial court erred by determining that his marijuana use caused the car accident. According to defendant, there was no evidence in the record about casualty and there was no evidence that defendant was under the influence of marijuana at the time of the accident. We agree, and conclude that he is entitled to resentencing.[5]

Defendants have a due-process right to be sentenced on the basis of accurate information. *People v Eason*, 435 Mich 228, 233; 458 NW2d 17 (1990); *Townsend v Burke*, 334 US 736, 740-741; 68 S Ct 1252; 92 L Ed 1690 (1948). They also have a statutory right to be sentenced on accurate information. See MCL 769.34(10); *People v Francisco*, 474 Mich 82, 90; 711 NW2d 44 (2006). Sentences that are based on inaccurate information are invalid. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

As an initial matter, the prosecution argues that the presentence investigation report (PSIR) did not contain inaccurate information and that the trial court may make inferences from the record. However, if the inference is not supported by a preponderance of the evidence, it would constitute inaccurate information. The Supreme Court made this clear in *Miles*, 454 Mich at 96-97, when it observed that "[a] line of Michigan cases hold that sentences based on inaccurate information are

---

[4] We are not aware of any case addressing the specific interplay between the MRTMA and MCL 257.625(8). However, on the basis of provisions in the Michigan Medical Marihuana Act (MMMA), similar to those found in the MRTMA, the Supreme Court held that a registered qualifying patient could only be convicted under MCL 256.625(8) if he or she was shown to be under the influence while operating a motor vehicle. *Koon*, 494 Mich at 7-9 ("[W]e conclude that the MMMA is inconsistent with, and therefore supersedes, MCL 257.625(8) . . . .").

[5] Questions of law, including whether a defendant was denied his due process rights, are reviewed de novo. *People v Scott*, 324 Mich App 459, 462; 924 NW2d 252 (2018).

invalid" and then cited with approval our decision in *People v Lauzan*, 84 Mich App 201; 269 NW2d (1978), holding that the defendant was entitled to resentencing when the trial court imposed sentence under the mistaken belief that defendant had committed burglary while out on bond for the sentencing offense. *Id*. at 208-209. See also *Torres v United States*, 140 F3d 392, 404 (CA 2, 1998) ("Due process requires . . . that a defendant not be sentenced based on a material misapprehension of fact.") (citation omitted).[6] Accordingly, it is irrelevant whether the inaccurate information relied on was given to the sentencing judge or stemmed from an erroneous inference.

Turning to the reasonableness of the court's inference, we review findings made by the trial court at sentencing for clear error under a preponderance of the evidence standard. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). To review, there is no indication in the record that defendant used marijuana on the day of the offense. Thus, for defendant's marijuana usage to have caused the accident, he must have been suffering from long-term side effects from marijuana use or still have been under the influence of the marijuana he consumed the night before the accident. As to the former, there was no evidence—and certainly not a preponderance—to support such a conclusion. As to the latter, the timeline of events strongly suggests that defendant was not still under the influence of marijuana when the accident occurred. Recall that defendant told the police that he smoked marijuana the night before the accident at 5:30 p.m. and went to bed at 9:30 p.m. The day of the accident he awoke at 5:30 a.m. to get ready for work. The accident happened after defendant was done with work and making his way home. The accident occurred at approximately 3:30 p.m., consistent with defendant's statement that the accident occurred on his way home from a full days' work as an apprentice electrician. Defendant estimated that he felt the effects of marijuana for a couple hours, meaning the drug would have worn off many hours before the accident. Although the trial court was not required to accept defendant's statements as true, there must be some basis in the record for concluding that the accident—nearly 24 hours after the drug was consumed—was attributable to the side effects of marijuana. See *People v Petrella*, 424 Mich 221, 275; 380 NW2d 11 (1985) ("While the trier of fact may draw reasonable inferences from facts of record, it may not indulge in inferences wholly unsupported by any evidence, based only upon assumption."). But the trial court cited no support for that conclusion, implying that the court was either speculating or merely assuming that defendant was experiencing effects of marijuana at the time of the accident.[7]

In any event, regardless of the reason of the court's statement, it amounted to reliance on inaccurate information because it was not a reasonable inference from the record evidence.

---

[6] Opinions from lower federal courts are not binding precedent but may be relied on for their persuasive value. *People v Patton*, 325 Mich App 425, 435 n 1; 925 NW2d 901 (2018).

[7] Indeed, it appears that the court may have been confused as to which provision of MCL 257.625 was at issue. The caption of MCL 257.625 is "operating motor vehicle while intoxicated," and so the felony information and PSIR refers to the charge against defendant as "operating while intoxicated causing death." That description, however, suggests that defendant pleaded guilty to being under the influence of marijuana at the time of the offense, which was not the case. As discussed, defendant was convicted on the basis of MCL 257.625(8) rather than MCL 257.625(1). Such a misunderstanding is also consistent with the fact that the trial court did not offer any evidence to support its statement that defendant's use of marijuana caused the accident.

Accordingly, defendant's sentence is invalid, *Miles*, 454 Mich at 96, and he is entitled to resentencing, *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010) ("When the defendant's sentence is . . . based on inaccurate information, a remand for resentencing is required.") (emphasis removed).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Douglas B. Shapiro