*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. GREEN, Minor.

UNPUBLISHED
September 12, 2025
9:52 AM

No. 372646
Genesee Circuit Court
Family Division
LC No. 19-136367-NA

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

PER CURIAM.

Respondent-mother appeals by right the order terminating her parental rights to her minor child, MG, pursuant to MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or abuse), (c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if returned to parent). We vacate the trial court's order terminating respondent-mother's parental rights and remand this case for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In January 2024, MG was admitted to the hospital and treated for a narcotic overdose after being exposed to fentanyl, which was later found in respondent-mother's home pursuant to a search warrant. As a result of the incident, respondent-mother was arrested and later pleaded guilty to second-degree child abuse and felony possession of controlled substances.

Prompted by this incident, the Department of Health and Human Services ("DHHS") filed a petition in February 2024, requesting the trial court remove MG from respondent-mother's care and terminate her parental rights. The petition alleged that respondent-mother had a long history of substance abuse and that MG had several medical diagnoses arising from respondent-mother's use of substances during her pregnancy. Further, respondent-mother was previously involved in

-1-

child protective proceedings regarding her daughter, MB, for exposing her to THC[1] and fentanyl while in utero. These proceedings led to respondent-mother voluntarily terminating her parental rights to MB in February 2022.

DHHS contended that termination at the initial disposition was appropriate, given that respondent-mother's parental rights to MB were terminated because of her substance abuse. It requested the trial court terminate respondent-mother's parental rights to MG under MCL 712A.19b(3)(b)(*ii*), (c)(*i*), (c)(*ii*), (i), and (j), and release MG into the care and custody of his father. Following a preliminary hearing, the trial court authorized the petition, removed MG from respondent-mother's care, and placed MG with his father.

The trial court commenced the termination proceedings in August 2024. The testimony indicated that respondent-mother was engaged in a mandatory drug-court program, and successfully completed an inpatient rehabilitation program. She also chose to voluntarily engage in intensive outpatient services and obtain sober housing. Respondent-mother and MG had a strong bond, and respondent-mother was attentive to MG's medical needs and actively participated in his developmental program. However, respondent-mother had a significant history of substance abuse and relapse, and although she made previous attempts to participate in rehabilitation, she typically relapsed after a few months. Further, respondent-mother failed to recognize the impact that her drug use had on MG's health.

The trial court noted DHHS's request for termination pursuant to MCL 712A.19b(3)(b)(*i*), (c)(*i*), (g), and (j), and found that based on the testimony, "the grounds for termination have been proven by clear and convincing evidence." The trial court also determined that termination of respondent-mother's parental rights was in MG's best interests. This appeal ensued.

## II. STANDARDS OF REVIEW

This Court reviews for clear error a trial court's finding that a statutory ground for termination of parental rights has been proven by clear and convincing evidence. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). A finding is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id*. at 41 (quotation marks and citation omitted).

## III. ANALYSIS

Respondent-mother argues that the trial court clearly erred by determining DHHS presented clear and convincing evidence to establish statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (c)(*i*), (g), and (j). We agree.

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence."

---

[1] "Tetrahydrocannabinol, or THC, is the physiologically active component of marijuana." *People v Koon*, 494 Mich 1, 3 n 3; 832 NW2d 724 (2013).

*In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (quotation marks and citation omitted). Clear and convincing evidence

> produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Id*. (quotation marks and citation omitted).]

We first note that because respondent-mother's parental rights were terminated at the initial disposition, the trial court necessarily erred when it found clear and convincing evidence of statutory grounds for termination under MCL 712A.19b(3)(c)(*i*). This subsection provides a ground for termination where "182 or more days have elapsed since the issuance of an initial dispositional order," and the court finds by clear and convincing evidence that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Because it "requires a finding that 182 or more days have elapsed since the issuance of an initial dispositional order," this statutory ground "could never support termination at the initial disposition . . . ." *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 5 (quotation marks and citation omitted). See also MCR 3.977(E)(3)(b) (excluding MCL 712A.19b(3)(c) as an applicable ground for termination at the initial disposition).

With respect to the trial court's remaining statutory-grounds determinations, each of the subsections it relied on contained forward-looking provisions that required findings regarding the likelihood of future harm or injury to MG, and the likelihood that respondent-mother could provide proper care and custody in the future:

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that *there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future* if placed in the parent's home.
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and *there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age*.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that *the child will be harmed if the child is returned* to the home of the parent. [MCL 712A.19b(3)(b)(*i*), (g), and (j) (emphasis added).]

Where a statutory ground contains forward-looking language, the past failure of a respondent to provide care is not decisive. See *In re Mason*, 486 Mich 142, 161; 782 NW2d 747 (2010) (interpreting similar language in MCL 712A.19b(3)(h) and concluding that "a parent's past failure to provide care because of his incarceration also is not decisive").

In this case, the trial court did not make specific findings to support each of the above statutory grounds. Instead, it listed the relevant testimony and summarily concluded that "the grounds for termination have been proven by clear and convincing evidence." Relevant to the likelihood of future injury or harm, the trial court noted testimony from the Children's Protective Services ("CPS") investigator "that she felt [MG] would be harmed if returned to [respondent-mother's] care, in large part, because of the cyclical performance as it relates to her sobriety." The trial court also noted that respondent-mother had "two prior rehabilitation stints that did not take," and observed that respondent-mother's drug screens remained positive until she pled guilty to second-degree child abuse and began her drug-court involvement.

By relying on this evidence to find statutory grounds under MCL 712A.19b(3)(b)(*i*), (g), and (j), the trial court impermissibly based its determinations on respondent-mother's past failures without fully considering the forward-looking provisions that the statute required. The trial court gave little consideration to the difference in respondent-mother's renewed rehabilitation efforts. While the trial court noted that respondent-mother's past attempts at rehabilitation "did not take," it did not address respondent-mother's testimony that the prior programs were insufficient, and only lasted 12 days. In contrast, after DHHS initiated termination proceedings with respect to MG, respondent-mother began to participate in a 30-day rehabilitation program, and a six-week transitional housing and intensive outpatient program. While respondent-mother was required to participate in the 30-day residential program as part of her drug-court treatment, her participation in the intensive outpatient program and live-in recovery housing was voluntary. Further, respondent-mother began to take a prescribed medication to help prevent future relapses.

Respondent-mother recognized that she failed to maintain her sobriety in the past, and opted for a program that was significantly more rigorous than any rehabilitation program she completed before. While the trial court noted that respondent-mother's drug-court program could last up to 36 months—a factor that could potentially implicate respondent-mother's ability to provide proper care and custody within a reasonable time under MCL 712A.19b(3)(g)—a drug court case manager testified that the program could take as little as 16 months. Further, respondent-mother was doing well in the program and would potentially be eligible to progress in the program by the end of the year.

In light of the foregoing evidence, the trial court erroneously relied on respondent-mother's past failures to support its statutory-grounds findings under MCL 712A.19b(3)(b)(*i*), (g), and (j), without giving due consideration to the substantial improvements in respondent-mother's rehabilitation efforts. Based on the record, we cannot conclude that it "has been proved by clear and convincing evidence" that respondent-mother would be unable to provide proper care or custody within a reasonable time or that there was a foreseeable risk of future harm or injury to MG if returned to respondent-mother. *Pederson*, 331 Mich App at 472 (quotation marks and citation omitted); see also *id.* (explaining that "[t]he clear and convincing standard is the most demanding standard applied in civil cases") (quotation marks and citation omitted). Accordingly,

we are left with a definite and firm conviction that the trial court made a mistake by terminating respondent-mother's parental rights. *Olive/Metts Minors*, 297 Mich App at 41.[2]

Respondent-mother further contends that termination of her parental rights was not in MG's best interests. Because we conclude that the trial court erred by finding statutory grounds for termination, we need not address this argument. However, we note that the best-interest factors were particularly important in this case given the evidence that MG is safely placed with his father and shares a close bond with respondent-mother. See *id*. at 41-43 (noting that a child's bond to a parent and placement with relatives are relevant considerations in a best-interests determination).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani

---

[2] We also note, as to MCL 712A.19b(3)(g), that the trial court made no finding regarding respondent's financial ability to provide proper care or custody for MG, which in itself renders the court's reliance on the subrule erroneous.